Stephen L. Raucher [State Bar #162795]
*sraucher@rrbattorneys.com*
Nicholas J. Alexakis [State Bar #324190]
*nalexakis@rrbattorneys.com*
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone:   (310) 777-1990
Facsimile:    (310) 777-1989

Attorneys for Plaintiff Swift Harvest USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company, | Case No.: 5:19-cv-01700 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. COPYRIGHT INFRINGEMENT |
| BOLEY INTERNATIONAL (HK) Ltd., a Hong Kong Company; BOLEY CORPORATION, a California Corporation; and DOES 1-10, | 2. INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a)) |
| Defendants. | 3. TRADE DRESS INFRINGEMENT |
| | 4. FALSE ADVERTISING |
| | 5. FALSE DESIGNATION OF ORIGIN |
| | 6. COMMON LAW TRADEMARK INFRINGEMENT |
| | 7. COMMON LAW UNFAIR COMPETITION |
| | 8. UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 |
| | 9. UNJUST ENRICHMENT |
| | 10. CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| | 11. CONTRIBUTORY TRADEMARK INFRINGEMENT |
| | 12. CONTRIBUTORY TRADE DRESS INFRINGEMENT |
| | 13. CONTRIBUTORY FALSE ADVERTISING |

1
**COMPLAINT**

14.   CONTRIBUTORY FALSE DESIGNATION OF ORIGIN

DEMAND FOR JURY TRIAL

Plaintiff Swift Harvest USA, LLC ("Swift Harvest") for its claims against Defendants Boley International (HK) Ltd., Boley Corporation, and DOES 1-10 hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this action pursuant to the Copyright Act of 1976, 17 U.S.C. §101 et seq., and the Lanham Act, 15 U.S.C. §1051 *et seq.*

2.   Venue is appropriate in this District based on 28 U.S.C. §1391(b)(2).

## THE PARTIES

3.   Plaintiff Swift Harvest is, and at all times relevant to this Complaint was, a Limited Liability Company, incorporated and existing under the laws of California.

4.   On Plaintiff's information and belief, Defendant Boley International (HK) Ltd. is, and at all times relevant to this Complaint was, a limited company incorporated and existing under the laws of Hong Kong.

5.   On Plaintiff's information and belief, Defendant Boley Corporation is, and at all times relevant to this Complaint was, a corporation incorporated and existing under the laws of California.

6.   Defendants Boley International (HK) Ltd. and Boley Corporation are hereinafter collectively referred to as "Boley."

7.   The true names and capacities of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff, and Plaintiff therefore sues these Defendants by their fictitious names and capacities.  Plaintiff will amend this Complaint to allege these Defendants' true names and capacities when ascertained.

8.   On Plaintiff's information and belief, DOES 1 through 10, inclusive, have acted or failed to act in concert with Boley as alleged herein, and are

responsible in some manner for the injuries and damages suffered by Swift Harvest.  All references to Boley herein shall be deemed to include Does 1 through 10.

9.      At all times herein mentioned, Defendants, including DOES 1 through 10, and each of them, were the agents, affiliates, subsidiaries, employees, co-conspirators, and/or alter egos of Boley, and were at all times acting within the purpose and scope of such agency and employment, and Boley has ratified and approved the acts of its agents.

## GENERAL ALLEGATIONS

10.     Swift Harvest is a design and marketing company located in the USA. Swift Harvest provides creative services such as packaging, marketing, and product design for products such as toys, stationary, water products and novelty toys.  The products which Swift Harvest works on are supplied by various vendors throughout China.

11.     The Wigglin' Water Sprinkler is a children's water sprinkler toy consisting of a twelve (12) foot long brightly-colored hose (orange or yellow in most instances) (hereinafter the "WW Hose") with fifteen (15) sprinkler arms of varying colors (hereinafter the "WW Arms").  The product likewise includes three (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the hose (hereinafter the "WW Pods") (the WW Hose, WW Arms, and WW Pods referred to collectively hereinafter as the "WW Pieces").  When connected to a running garden hose, the Wigglin' Water Sprinkler "comes to life" and "dances" as water sprays out from the ends of the toy's arms.  True and correct photographic images depicting the WW Pieces are attached hereto as **Exhibit A**.

12.     Swift Harvest was assigned all intellectual property rights in a photograph depicting three young children, two boys and a girl, dressed in swimsuits and playing around (and running through) an operating Wigglin' Water Sprinkler for use on the packaging of the water sprinkler toy.  In this photograph,

which is hereinafter individually referred to as the "WW Demo Photo," a Wigglin' Water Sprinkler dances and sprays water on the children from its arms as they play and run around the toy in the backyard on a sunny day. One of the boys is prominently featured in the center of the photograph as he runs through streams of water and over the sprinkler hose. A true and correct copy of the WW Demo Photo is attached as **Exhibit B**.

13. The Cyclone Spin Sprinkler is a children's water sprinkler that operates in a similar fashion to the Wigglin' Water Sprinkler. The Cyclone Spin Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other). The rings are held up by a dual-colored base/stem, consisting of blue paint imitative of water splash, complemented by a bright fill surrounding the splash. The Cyclone Spin Sprinkler spins and sprays water from small holes within each ring in a swirling, random fashion when connected to a running garden hose. True and correct photographic images depicting the Cyclone Spin Sprinkler are attached hereto as **Exhibit C.**

14. Among other things, the Wigglin' Water Sprinkler Packaging (hereinafter the "WWS Packaging") consists of a circular, clear plastic container, in which the product is coiled similar to a garden hose. The WW Demo photo and variations thereof featuring the Wigglin' Water Sprinkler are displayed on a rectangular banner wrapped around the middle of the WWS Packaging. The WWS Packaging banner prominently features orange and blue colors. A true and correct copy of the Wigglin' Water Sprinkler as it appears in the constructed WWS Packaging (and displaying the WW Demo Photo on the front of the packaging) is attached as **Exhibit D**.

15. Among other things, the Cyclone Spin Sprinkler Packaging (hereinafter the "CSS Packaging") consists of an upright rectangular box featuring an orange and blue color pattern. At the base of the CSS Packaging is an open shelf where the water sprinkler toy sits and is in open view to the consumer. The

words "Cyclone Spin Sprinkler" are prominently featured on all sides of the CSS Packaging. A true and correct copy of the Cyclone Spin Sprinkler as it appears in the constructed CSS Packaging (and displaying the CS Demo Photo on the front of the packaging) is attached as **Exhibit E**.

16. The WWS Packaging and the CSS Packaging are collectively referred to hereinafter as the "Protected Sprinkler Packaging."

17. Focus Brand Limited ("Focus") is a company organized and domiciled in Hong Kong. Focus was assigned the copyrights and other intellectual property rights associated with the Wigglin' Water Sprinkler and the Cyclone Spin Sprinkler from Aquawood LLC, which designs and develops toys for companies that sell those toys. Focus obtained a Certificate of Registration of Design in Hong Kong with respect to the Wigglin' Water Sprinkler effective as of June 7, 2013. Focus obtained a Certificate of Registration of Design in Hong Kong with respect to the Cyclone Spin Sprinkler effective as of June 26, 2015.

18. On or about June 15, 2017, Focus applied for copyright registration of the Wigglin' Water Sprinkler with the United States Copyright Office. In a letter dated March 12, 2018, the United States Copyright Office denied Focus's application, but the letter denial was not discovered until July 16, 2018. On July 27, 2018, Focus requested a reconsideration of its application, along with a waiver of the applicable time limit for reconsideration. On August 10, 2018, the Copyright Office denied waiver of the applicable time limit for reconsideration, and Focus's request for reconsideration was denied as untimely. Notwithstanding the denials of registration and reconsideration, Focus may pursue a civil action for copyright infringement of the Wigglin' Water Sprinkler, so long as a Notice of the Complaint is provided to the Register of Copyrights pursuant to 17 U.S.C. section 411(a).

19. Focus mistakenly believed that its application for registration of the Wigglin' Water Sprinkler also covered the WW Demo Photo. Upon discovery of

its mistake, Focus filed a separate application for registration of the WW Demo Photo on July 25, 2018.  This application for registration of the WW Demo Photo was subsequently granted, Registration No. VA 2-139-341.

20.    On or about June 15, 2017, Focus filed its application for registration of the Cyclone Spin Sprinkler with the United States Copyright Office.   This application was granted effective June 15, 2017, Registration No. VA 2-113-303.

21.    In 2017, Focus entered into an assignment agreement in which Focus assigned its rights, title and interest in the Wigglin' Water Sprinkler, WW Demo Photo, Cyclone Spin Sprinkler, WWS Packaging, and CSS Packaging, including all copyright and other intellectual property rights, goodwill, and existing causes of action relating thereto, to Banzai International Limited ("Banzai").   Banzai subsequently entered into an assignment agreement in which Banzai assigned its rights, title and interest in the Wigglin' Water Sprinkler, WW Demo Photo, Cyclone Spin Sprinkler, WWS Packaging, and CSS Packaging, including all copyright and other intellectual property rights, goodwill, and existing causes of action relating thereto, to Swift Harvest.

22.    In 2019, the parties to the foregoing assignment transactions – Aquawood to Focus; Focus to Banzai; Banzai to Swift Harvest – entered into Amended and Restated Assignment Agreements.  True and correct copies of these Amended and Restated Assignment Agreements are attached hereto as **Exhibit F, G & H**.

## DEFENDANTS' INFRINGING CONDUCT

23.    On Plaintiff's information and belief, Boley is, among other things, a supplier of children's water sprinkler toys to United States Companies, under the trade names "Water Sprinkler," "Twisty Water Sprinkler," "Hurricane Sprinkler," and "Cyclone Spin Sprinkler," (collectively referred to hereinafter as the "Infringing Sprinkler Products").

24.    In or about April 2017, it was discovered that, notwithstanding Swift

Harvest's rights in the Wigglin' Water Sprinkler, inclusive of the WW Pieces, Boley, acting without Swift Harvest's permission or consent, has misappropriated, adopted, copied, sold, and distributed a children's water sprinkler named the "Water Sprinkler," (hereinafter the "Infringing Water Sprinkler"), which displays and contains pieces that are identical to or indistinguishable from Banzai's Wigglin' Water Sprinkler, inclusive of the WW Pieces.  Swift Harvest is informed and believes, and on that basis alleges, that Boley's activities concerning the Infringing Water Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like Banzai's Wigglin' Water Sprinkler, the Infringing Water Sprinkler contains a twelve (12) foot long brightly-colored hose with fifteen (15) sprinkler arms of varying colors which are identical to or indistinguishable from the WW Hose and WW Arms.  Like the Banzai Wigglin' Water Sprinkler, the Infringing Water Sprinkler includes three (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the hose which are identical to or indistinguishable from the WW Pods.  The Water Hose also utilizes the same materials of construction.  True and correct photographic images depicting the Infringing Water Sprinkler are attached hereto as **Exhibit I.**

25.    In or about April 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Wigglin' Water Sprinkler, inclusive of the WW Pieces, Boley, acting without Swift Harvest's permission or consent, has misappropriated, adopted, copied, sold, and distributed a children's water sprinkler named the "Twisty Water Sprinkler," (hereinafter the "Infringing Twisty Sprinkler"), which displays and contains pieces that are identical to or indistinguishable from Banzai's Wigglin' Water Sprinkler, inclusive of the WW Pieces.  Swift Harvest is informed and believes, and on that basis alleges, that Boley's activities concerning the Infringing Twisty Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like Banzai's Wigglin' Water Sprinkler, the Infringing Twisty Sprinkler contains a twelve (12) foot long brightly-colored hose with fifteen (15)

sprinkler arms of varying colors which are identical to or indistinguishable from the WW Hose and WW Arms.  Like the Banzai Wigglin' Water Sprinkler, the Infringing Twisty Sprinkler includes three (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the hose which are identical to or indistinguishable from the WW Pods.  The Water Hose also utilizes the same materials of construction.  A true and correct photographic image depicting the Infringing Twisty Sprinkler is attached hereto as **Exhibit J.**

26.    In or about April 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Cyclone Spin Sprinkler, Boley, acting without Swift Harvest's permission or consent, has misappropriated, adopted, copied, sold, and distributed a children's water sprinkler named the "Hurricane Sprinkler" (hereinafter the "Infringing Spin Sprinkler"), which displays and contains pieces that are identical to, indistinguishable from, or substantially similar to the Banzai Cyclone Spin Sprinkler.  Swift Harvest is informed and believes, and on that basis alleges, that Boley's activities concerning the Infringing Spin Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like the Banzai Cyclone Spin Sprinkler, the Infringing Spin Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other) which are indistinguishable from or substantially similar to the Cyclone Spin Sprinkler's rings.  Like the Banzai Cyclone Spin Sprinkler, the Infringing Spin Sprinkler's rings are held up by a dual-colored base/stem, consisting of blue paint imitative of a water splash, complemented by a bright fill surrounding the splash, which is indistinguishable from or substantially similar to the Cyclone Spin Sprinkler's base/stem.  The Infringing Spin Sprinkler also utilizes the same materials of construction.  True and correct photographic images depicting the Infringing Spin Sprinkler are attached hereto as **Exhibit K.**

27.    In or about May 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Cyclone Spin Sprinkler, Boley, acting without Swift

Harvest's permission or consent, has misappropriated, adopted, copied, sold, and distributed a children's water sprinkler named the "Cyclone Spin Sprinkler" (hereinafter the "Infringing CSS Sprinkler"), which displays and contains pieces that are identical to, indistinguishable from, or substantially similar to the Banzai Cyclone Spin Sprinkler.  Swift Harvest is informed and believes, and on that basis alleges, that Boley's activities concerning the Infringing CSS Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like Banzai's Cyclone Spin Sprinkler, the Infringing CSS Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other) which are indistinguishable from or substantially similar the Cyclone Spin Sprinkler's rings.  Like the Banzai Cyclone Spin Sprinkler, the Infringing CSS Sprinkler's rings are held up by a dual-colored base/stem, consisting of blue paint imitative of a water splash, complemented by a bright fill surrounding the splash, which is indistinguishable from or substantially similar to the Cyclone Spin Sprinkler's base/stem.  The Infringing CSS Sprinkler also utilizes the same materials of construction.  True and correct photographic images depicting the Infringing CSS Sprinkler are attached hereto as **Exhibit L.**

28.   In or about May 2017, it was discovered that Defendants, without Swift Harvest's prior consent or authorization, had misappropriated the WW Demo Photo for its economic advantage on the packaging on its various lines of water sprinkler toys, including the "Twisty Water Sprinkler" (Infringing Twisty Sprinkler) that directly competes with Swift Harvest's water sprinkler toys.

29.   Just like with the WWS Packaging, exact copies (hereinafter the "Infringing Demo Photo") of the WW Demo Photo appear on the packaging of the Boley Infringing Twisty Sprinkler.  All elements of the WW Demo Photo and the Infringing Demo Photo, including the depiction and identities of the children, the colors and patterns of their swimsuits, and even the streams of water spraying from the water sprinkler toy, are exactly the same.  As an example of the misappropriation of the WW Demo Photo, attached in **Exhibit J** is a true and

correct screenshot from Dollar General's website of the Infringing Twisty Sprinkler Packaging with the Infringing Demo Photo displayed prominently on the bottom right side of packaging.

30.     In addition to misappropriating the WW Demo Photo, the packaging of the respective Infringing Sprinkler Products (aside from the "Twisty Water Sprinkler") sold by Boley bears a striking resemblance to and is a blatant and obvious imitation of the WWS Packaging and the CSS Packaging.  Just like the WWS Packaging, the Boley Water Sprinkler packaging consists of a circular, clear plastic container, in which the product is coiled similar to a garden hose.  The Boley Water Sprinkler Packaging, just like its counterpart, also prominently features an orange and blue color pattern on its banner.  Just like the CSS Packaging, the Boley Cyclone Sprinkler Packaging and Boley Hurricane Sprinkler Packaging consists of an upright rectangular box featuring a shelf at its base where the water sprinkler toy sits and is in open view to the consumer.  Also just like the Banzai Cyclone Spin Sprinkler, the packaging of the Boley Cyclone Spin Sprinkler also features an orange and blue color pattern.  Also just like the Banzai CSS Packaging, the packaging of the Boley Cyclone Spin Sprinkler also prominently features the words "Cyclone Spin Sprinkler" on the front base.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

31.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 30 of this Complaint as though set forth in full at this point.

32.     Swift Harvest is the sole owner of all intellectual property rights, including copyright and the standing to sue for the infringement thereof, of the Wigglin' Water Sprinkler (and WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

33.     At all times relevant hereto, Swift Harvest and/or its assignor Banzai owned the exclusive rights to manufacture, duplicate, distribute, advertise,

transmit, sell, and offer to sell copies of the Wigglin' Water Sprinkler, inclusive of the WW Pieces, Cyclone Spin Sprinkler, and WW Demo Photo, in, among other territories, the United States.

34. Swift Harvest is informed and believes, and on that basis alleges, Boley had actual notice of Swift Harvest's and/or its assignor's exclusive copyright rights in the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, including but not limited to the existence of the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, in the commercial market place for a number of years.

35. Boley failed to seek or obtain Swift Harvest's and/or its assignor's consent or authorization to utilize, manufacture, reproduce, copy, duplicate, prepare derivative works, display, transmit, distribute, sell, transfer, rent, and/or otherwise perform Swift Harvest's copyright-protected Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

36. Without permission, authorization, license or otherwise, Boley wantonly, intentionally, knowingly, and/or with reckless disregard for Swift Harvest's rights utilized, manufactured, reproduced, copied, duplicated, prepared derivative works, displayed, transmitted, distributed, sold, transferred, rented, and/or performed Swift Harvest's protected works by copying, selling, and distributing replicated or related products which are at a minimum substantially similar to Swift Harvest's copyright protected Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

37. Swift Harvest is informed and believes, and on that basis alleges, that Boley caused damages to Swift Harvest from, among other things, the illegal and wrongful manufacture, use, duplication, distribution, transmission, sale and otherwise profiting from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, which at all times relevant hereto were and/or are exclusively owned by Swift Harvest or its assignor.

38.   As a proximate result of Boley's knowing and intentional copyright infringement of the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, without Swift Harvest's and/or its assignor's prior authorization and consent as alleged herein, Boley has caused and will continue to cause substantial and irreparable harm to Swift Harvest and will continue to cause Swift Harvest to suffer general and special damages, in the form of lost profits and other benefits, the exact amount of which will be proven at trial.

39.   Swift Harvest is entitled to damages and equitable relief against Boley, including an injunction requiring that Boley, its agents, servants and employees and all persons and entities acting in concert with them:

a.   Be enjoined from directly or indirectly infringing upon Swift Harvest's copyrights in the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or to continue to manufacture, duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or assist others in any such activity.

b.   Be ordered to return to Swift Harvest all originals, copies, facsimiles, or duplicates of any products containing the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo in Boley's possession, custody, and/or control.

## SECOND CLAIM FOR RELIEF

**(Infringement of an Unregistered Trademark Against All Defendants (15 U.S.C. §1125(a))**

40.   Plaintiff hereby repeats and re-alleges Paragraphs 1 through 39 of this Complaint as though set forth in full at this point.

41.   The actions complained of herein constitute willful infringement of an

12
**COMPLAINT**

unregistered trademark in a manner likely to cause confusion and create a false association, connection, or affiliation between Defendants and Swift Harvest and/or the "Cyclone Spin Sprinkler" trademark.  The Defendants' unauthorized and infringing work, which is distributed bearing the Infringing "Cyclone Spin Sprinkler" mark (hereinafter the "Infringing Mark"), is likely to cause confusion or deception as to the affiliation, connection or association of Swift Harvest's trademark with the Defendants, and as to the origin, sponsorship and/or approval of the Defendants' works.

42.     The foregoing acts of Defendants constitute infringement of an unregistered trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

43.     By reason of all the foregoing, Swift Harvest is being damaged by the Defendants' willful use of the Infringing Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using, selling, or distributing products bearing the Infringing Mark or any confusingly similar mark.

44.     Swift Harvest will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

45.     As a proximate result of Defendants' infringement of its protected trademark, Swift Harvest has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark as a commercial asset, in an amount according to proof.

46.     Under 15 U.S.C. §1117(a), Swift Harvest is entitled to recover damages sustained by it, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Swift Harvest of its reasonable attorney's fees is justified.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement Against All Defendants (15 U.S.C. §1125(a))

47.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 46 of this

Complaint as though set forth in full at this point.

48.     At all relevant times, Swift Harvest and/or its assignors have continuously used the Banzai Sprinkler Packaging in interstate commerce to identify its sprinkler toys and other water toy products, including the Wigglin' Water Sprinkler (inclusive of the WW Pieces) and Cyclone Spin Sprinkler, and to distinguish those products from others by prominently displaying the Banzai Sprinkler Packaging (which depicts, among other photos the WW Demo Photo) in advertising, promotional literature and other display materials.  Through such use and association, the Banzai Sprinkler Packaging has acquired a strong consumer awareness and secondary meaning.  The Banzai Sprinkler Packaging is also inherently distinctive and non-functional.

49.     Defendants have and continue to advertise, market, sell and offer for sale products in misleading packaging that includes unauthorized depictions of the WW Demo Photo and infringe on the trade dress of the Banzai Sprinkler Packaging.

50.     The Infringing Sprinkler Products bear a striking resemblance to and are a blatant and obvious imitation of the trade dress of the Banzai Sprinkler Packaging (inclusive of the WWS Packaging and CSS Packaging).  The trade dress of Banzai Sprinkler Packaging and the Infringing Sprinkler Products create the same general overall impression and have the same "look and feel."

51.     The similarities between the trade dress of Banzai Sprinkler Packaging and the infringing trade dress of the Infringing Sprinkler Products are not a mere coincidence.  The infringing trade dress of the Infringing Sprinkler Products were designed to intentionally mimic the trade dress of the Banzai Sprinkler Packaging, with the intention to create and creating the false impression that the offending products are associated with and emanate from Swift Harvest.

52.     Defendants have, without permission, willfully, and with the intention of benefitting from the reputation and goodwill of Swift Harvest, imitated the

14
**COMPLAINT**

shape, coloring, size, style, layout, design, and/or appearance of the Banzai Sprinkler Packaging.

53.    There is a very great likelihood of confusion to consumers between the Banzai water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler, and the Infringing Sprinkler Products.

54.    As a result, the infringing trade dress of the Infringing Sprinkler Products is likely to deceive and has deceived and diverted customers away from genuine water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler.

55.    The foregoing conduct of Defendants constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services any word, term, name, symbol, or device, or combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

56.    As a direct and proximate result of Defendants' trade dress infringement, Swift Harvest has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

57.    Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

    a.    Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or

manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b.    Be ordered to return to Swift Harvest all originals, copies, derivatives, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

58.    Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## FOURTH CLAIM FOR RELIEF

### (False Advertising Against All Defendants (15 U.S.C. §1125(a))

59.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 58 of this Complaint as though set forth in full at this point.

60.    Defendants' commercial use of pictures, samples, replicas or other adaptations and reproduction of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products constitutes false and misleading descriptions or representations of fact in commercial advertising or promotion, misrepresenting the nature, characteristics, qualities of their or another person's goods or commercial activities and likely to cause and causing deception and influence of purchasing decisions in the market place, as well as the falsely advertised goods to enter interstate commerce.

61.    As a direct and proximate result of Defendants' false and misleading advertising, Swift Harvest, as Banzai's assignee, is likely to be, and has been injured, by direct diversion of sales from Swift Harvest to Defendants and by

lessening of the goodwill which Swift Harvest's water sprinkler products, including the Wigglin' Water Sprinkler (inclusive of the WW Pieces) and Cyclone Spin Sprinkler, enjoy with the purchasing public.

62.    Defendants' conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

63.    As a direct and proximate result of Defendants' false advertising, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

64.    Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

       a.    Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

       b.    Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

65.    Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## **FIFTH CLAIM FOR RELIEF**

### **(False Designation of Origin Against All Defendants (15 U.S.C. §1125(a))**

66.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 65 of this Complaint as though set forth in full at this point.

67.     Defendants' commercial use of pictures, samples, replicas or other adaptations and reproductions of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers as to the true origin of the goods so used by Defendants.

68.     Defendants' advertising, offering for sale, sales and distribution of the Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers into believing that the Infringing Sprinkler Products originate from or are sponsored or authorized by Swift Harvest.

69.     Defendants' conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

70.     As a direct and proximate result of Defendants' false designation of origin, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

71.     Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a.     Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose

of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b.      Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

72.     Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement Against All Defendants)

73.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 72 of this Complaint as though set forth in full at this point.

74.     By reason of all of the foregoing, Swift Harvest has acquired common law trademark rights in the "Cyclone Spin Sprinkler" trademark in connection with, among other things, children's water sprinklers and children's entertainment.

75.     The actions of the Defendants herein complained of are likely to create confusion, mistake and deception of consumers, who are likely to believe that Defendants' infringing products are authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the "Cyclone Spin Sprinkler" trademark.

76.     The actions of the Defendants herein complained of are also likely to create confusion, mistake, and deception of consumers, who are likely to believe that Swift Harvest's works bearing its "Cyclone Spin Sprinkler" trademark are in some way associated with Defendants due to their use of the Infringing "Cyclone

Spin Sprinkler" mark.

77.    Upon information and belief, the acts and conduct of Defendants complained of herein constitute willful and deliberate infringement of Swift Harvest's common law rights in the "Cyclone Spin Sprinkler" trademark and that these acts and conduct will continue in willful and wanton disregard of Swift Harvest's valuable trademark rights.

78.    The foregoing acts of Defendants constitute infringement of Swift Harvest's "Cyclone Spin Sprinkler" trademark in violation of the common law of the State of California.

79.    By reason of all the foregoing, Swift Harvest is being damaged by Defendants' use of the Infringing "Cyclone Spin Sprinkler" mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing "Cyclone Spin Sprinkler Mark" or any confusingly similar mark.

80.    As a proximate result of Defendants' dilution of its protected trademark, Swift Harvest has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark as a commercial asset, in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition Against All Defendants)

81.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 80 of this Complaint as though set forth in full at this point.

82.    The conduct of Defendants as alleged herein constitutes unlawful, unfair or fraudulent business practices and unfair competition with Swift Harvest in violation of the laws of the State of California.  The acts of Defendants have resulted in the "passing off" of the Infringing Sprinkler Products as those of Swift Harvest, as somehow related or associated with, or sponsored or endorsed by Swift Harvest.

83.     On plaintiff's information and belief, Defendants have been unjustly enriched as a direct and proximate result of their actions as alleged herein, and Swift Harvest is entitled to recover such amount that Defendants have been unjustly enriched.

84.     The wrongful conduct of Defendants as alleged herein will, unless they are enjoined and restrained by order of this Court, cause great and irreparable injury to Swift Harvest's rights as Banzai's assignee.

85.     Swift Harvest has no adequate remedy at law for the wrongful conduct of Defendants as alleged herein, in that Defendants will continue their wrongful conduct unless they are enjoined and restrained from doing so, and Swift Harvest would be forced to maintain a multiplicity of judicial proceedings to protect its lawful interests.

86.     On Plaintiff's information and belief, Defendants' conduct as alleged herein was despicable and was carried on with a willful and conscious disregard for the rights of Swift Harvest in that their conduct subjected Swift Harvest to cruel and unjust hardship in conscious disregard of its rights or otherwise causing injury to Swift Harvest.  Thus, Swift Harvest is therefore entitled to the assessment of punitive damages against Defendants in an amount to be proven at trial.

## **EIGHTH CLAIM FOR RELIEF**

### **(For Unfair Competition Pursuant to California Business & Professions Code § 17200 et seq. Against All Defendants)**

87.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 86 of this Complaint as though set forth in full at this point.

88.     The conduct of Defendants as alleged herein constitutes unlawful, unfair or fraudulent business practices and unfair competition with Swift Harvest in violation of Sections 17200 et seq. of the California Business and Professions Code.

89.     On Plaintiff's information and belief, Defendants have been unjustly

enriched as a direct and proximate result of their actions as alleged herein, and Swift Harvest is entitled to recover such amount that Defendants have been unjustly enriched.

90.     The wrongful conduct of Defendants as alleged herein will, unless they are enjoined and restrained by order of this Court, cause great and irreparable injury to Swift Harvest's rights as Banzai's assignee.

91.     Swift Harvest has no adequate remedy at law for the wrongful conduct of Defendants as alleged herein, in that Defendants will continue their wrongful conduct unless they are enjoined and restrained from doing so, and Swift Harvest would be forced to maintain a multiplicity of judicial proceedings to protect his lawful interests.

92.     Swift Harvest is entitled to equitable relief requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a.     Be enjoined from directly or indirectly misappropriating and interfering with Swift Harvest's rights in the WW Demo Photo, Banzai Sprinkler Packaging, and "Cyclone Spin Sprinkler" trademark or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler, WW Demo Photo, Banzai Sprinkler Packaging, and "Cyclone Spin Sprinkler" trademark or assist in any such activity.

b.     Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo, Banzai Sprinkler Packaging and "Cyclone Spin Sprinkler" trademark in Defendants', or each of their, possession, custody, and/or control.

//

//

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment (17 U.S.C. §501(a) Against All Defendants)

93.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 92 of this Complaint as though set forth in full at this point.

94.     Defendants are indebted to Swift Harvest for the market advantage they gained by the use of the Infringing Sprinkler Products and Infringing "Cyclone Spin Sprinkler" mark.  By incorporating the "Cyclone Spin Sprinkler" mark into their unauthorized sprinkler products, Defendants were able to take advantage of the goodwill and reputation earned by Swift Harvest and increase their own profits, thereby unjustly enriching themselves in amounts, on information and belief, exceeding one hundred thousand ($100,000) dollars.

95.     To date, Defendants have failed to pay Swift Harvest the amount of money which would fairly and adequately compensate it for the use of the Infringing Sprinkler Products and Infringing "Cyclone Spin Sprinkler" mark. Swift Harvest is entitled to an award of Defendants' profits from products and services sold derived from the Banzai Sprinkler Products as set forth herein and bearing the infringing "Cyclone Spin Sprinkler" mark.

96.     Further, based upon Defendants' conduct, Swift Harvest is entitled to restitution, damages, and compensation as allowed by law.

## TENTH CLAIM FOR RELIEF

### (Contributory Copyright Infringement Against All Defendants)

97.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 96 of this Complaint as though set forth in full at this point.

98.     Dollar General Corporation ("Dollar General") is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California.  On Plaintiff's information and belief, Dollar General is, among other things, a retail company that distributes, markets, sells and offers for sale

children's water sprinkler toys to the consuming public across the United States, including the State of California, under the trade names "Water Sprinkler," "Hurricane Sprinkler," "Cyclone Spin Sprinkler," and "Twisty Water Sprinkler." In or about April 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Wigglin' Water Sprinkler (and WW pieces), Cyclone Spin Sprinkler, and WW Demo Photo, Dollar General, acting without Swift Harvest's permission or consent, has misappropriated, adopted, copied, marketed, sold, and distributed the Infringing Sprinkler Products.  On Plaintiff's information and belief, Dollar General's Infringing Sprinkler Products (including the Wigglin' Water Sprinkler (and WW pieces), Cyclone Spin Sprinkler, and WW Demo Photo) were purchased from Boley.

99.   In addition to being liable for primary infringement of Swift Harvest's protected copyright of the Wigglin' Water Sprinkler (and WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, Defendants are liable for Dollar General Corporation's ("Dollar General") infringement of Swift Harvest's Wigglin' Water Sprinkler (and WW pieces), Cyclone Spin Sprinkler, and WW Demo Photo. Photos of the Infringing Sprinkler Products as they appeared on Dollar General's website are attached hereto in **Exhibits I, J, K, and L.**

100.  As Dollar General's supplier of the Infringing Sprinkler Products, Boley has knowingly and materially contributed to and authorized Dollar General in misappropriating, adopting, selling, copying, marketing, and distributing these Infringing Sprinkler Products, of which the "Twisty Toy Sprinkler" contains the WW Demo Photo.  On Plaintiff's information and belief, Boley's substantial participation and involvement in Dollar General's infringement of the Wigglin' Water Sprinkler (and WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo continues to this day.

101.  By distributing the Infringing Sprinkler Products to Dollar General, Boley had actual knowledge of Dollar General's direct infringement of Swift

Harvest's protected intellectual property.

102. By knowingly authorizing and materially contributing to Dollar General's actions alleged above, Boley has intentionally, knowingly, and willfully infringed on Swift Harvest's copyrighted Wigglin' Water Sprinkler (and WW pieces), Cyclone Spin Sprinkler, and WW Demo Photo. Boley has also induced others to infringe these copyrighted works and on Plaintiff's knowledge and belief it continues to do so to this day.

103. Boley presently has authorized and materially contributed to Dollar General's distribution of infringing goods, and unless immediately restrained or enjoined, will continue to do so. Plaintiff's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Boley's use of confusingly similar products and marks in connection with its goods and services.

104. Plaintiff is informed and believes, and on that basis alleges, that Boley caused damages to Swift Harvest from, among other things, the illegal and wrongful manufacture, use, duplication, distribution, transmission, sale and otherwise profiting from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, which at all times relevant hereto were and/or are exclusively owned by Swift Harvest and/or its assignor.

105. As a proximate result of Boley's knowing and intentional contributory copyright infringement of the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, without Swift Harvest's and/or its assignor's prior authorization and consent as alleged herein, Boley has caused and will continue to cause substantial and irreparable harm to Swift Harvest and will continue to cause Swift Harvest to suffer general and special damages, in the form of lost profits and other benefits, the exact amount of which will be proven at trial.

106. Swift Harvest is entitled to damages and equitable relief against Boley, including an injunction requiring that Boley, its agents, servants and

employees and all persons and entities acting in concert with them:

      a.    Be enjoined from directly or indirectly infringing upon Swift Harvest's copyrights in the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or to continue to manufacture, duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or assist others in any such activity.

      b.    Be ordered to return to Swift Harvest all originals, copies, facsimiles, or duplicates of any products containing the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo in Boley's possession, custody, and/or control.

## **ELEVENTH CAUSE OF ACTION**

### **(Contributory Trademark Infringement Against All Defendants)**

107.  Plaintiff hereby repeats and re-alleges Paragraphs 1 through 106 of this Complaint as though set forth in full at this point.

108.  Dollar General Corporation ("Dollar General") is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California. On Plaintiff's information and belief, Dollar General is, among other things, a retail company that distributes, markets, sells and offers for sale a children's water sprinkler toy to the consuming public across the United States, including the State of California, under the trade name "Cyclone Spin Sprinkler." In or about April 2017, it was discovered that, notwithstanding Swift Harvest's trademark rights in its Cyclone Spin Sprinkler mark, Dollar General, acting without Swift Harvest's permission or consent, has misappropriated, adopted, copied, marketed, sold, and distributed an infringing "Cyclone Spin Sprinkler."

On Plaintiff's information and belief, Dollar General's infringing "Cyclone Spin Sprinkler" was purchased from Boley.

109.   The foregoing acts of Dollar General constitute infringement of an unregistered trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

110.   In addition to being liable for primary trademark infringement of Swift Harvest's protected trademark of the Cyclone Spin Sprinkler mark, Defendants are liable for Dollar General Corporation's ("Dollar General") infringement of Swift Harvest's Cyclone Spin Sprinkler mark.   A photo of the infringing Cyclone Spin Sprinkler as it appeared on Dollar General's website is included and attached hereto in **Exhibit L.**

111.   As Dollar General's supplier of the Infringing Cyclone Spin Sprinkler, Boley has knowingly and intentionally induced Dollar General to misappropriate, adopt, sell, copy, market, and distribute the Infringing Cyclone Spin Sprinkler which contains Plaintiff's protected trademark.   On Plaintiff's information and belief, Boley's knowing and intentional inducement of Dollar General's infringement of the protected Cyclone Spin Sprinkler mark continues to this day.

112.   By distributing the Infringing Cyclone Spin Sprinkler to Dollar General, Boley had actual knowledge of Dollar General's direct infringement of Swift Harvest's protected intellectual property.

113.   By knowingly and intentionally inducing Dollar General's actions alleged above, Boley has intentionally, knowingly, and willfully infringed on Swift Harvest's trademarked Cyclone Spin Sprinkler mark.   Boley has also induced others to infringe this mark and on Plaintiff's knowledge and belief it continues to do so to this day.

114.   Boley presently has intentionally induced Dollar General to participate in the distribution of infringing goods, and unless immediately restrained or enjoined, will continue to do so.   Plaintiff's remedy at law is not

adequate to compensate it for the harm inflicted and threatened by Boley's use of a confusingly similar product and mark in connection with its goods and services.

115.   By reason of all the foregoing, Swift Harvest is being damaged by the Defendants' willful contributory infringement of the Cyclone Spin Sprinkler mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using, selling, or distributing products bearing the Infringing Mark or any confusingly similar mark.

116.   Swift Harvest will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

117.   As a proximate result of Defendant's contributory infringement of its protected trademark, Swift Harvest has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark as a commercial asset, in an amount according to proof.

118.   Under 15 U.S.C. §1117(a), Swift Harvest is entitled to recover damages sustained by it, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Swift Harvest of its reasonable attorney's fees is justified.

## TWELFTH CAUSE OF ACTION

### (Contributory Trade Dress Infringement Against All Defendants)

119.   Plaintiff hereby repeats and re-alleges Paragraphs 1 through 118 of this Complaint as though set forth in full at this point.

120.   At all relevant times, Swift Harvest and/or its assignors have continuously used the Banzai Sprinkler packaging in interstate commerce to identify its sprinkler toys and other water toy products, including the Wigglin' Water Sprinkler (inclusive of the WW pieces) and Cyclone Spin Sprinkler, and to distinguish those products from others by prominently displaying the Banzai Sprinkler Packaging (which depicts, among other photos the WW Demo Photo) in advertising, promotional literature and other display materials.  Through such use

and association, the Banzai Sprinkler Packaging has acquired a strong consumer awareness and secondary meaning. The Banzai Sprinkler Packaging is also inherently distinctive and non-functional.

121. Dollar General Corporation ("Dollar General") is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California. On Plaintiff's information and belief, Dollar General has and continues to advertise, market, sell and offer for sale products in misleading packaging that includes unauthorized depictions of the WW Demo Photo and infringe on the trade dress of the Banzai Sprinkler Packaging.

122. The Infringing Sprinkler Products bear a striking resemblance to and are a blatant and obvious imitation of the trade dress of the Banzai Sprinkler Packaging (inclusive of the WWS Packaging and CSS Packaging). The trade dress of Banzai Sprinkler Packaging and the Infringing Sprinkler Products create the same general overall impression and have the same "look and feel."

123. The similarities between the trade dress of Banzai Sprinkler Packaging and the infringing trade dress of the Infringing Sprinkler Products are not a mere coincidence. The infringing trade dress of the Infringing Sprinkler Products were designed to intentionally mimic the trade dress of the Banzai Sprinkler Packaging, with the intention to create and creating the false impression that the offending products are associated with and emanate from Swift Harvest.

124. Dollar General has, without permission, willfully, and with the intention of benefitting from the reputation and goodwill of Swift Harvest, imitated the shape, coloring, size, style, layout, design, and/or appearance of the Banzai Sprinkler Packaging.

125. There is a very great likelihood of confusion to consumers between the Banzai water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler, and the Infringing

Sprinkler Products.

126.   As a result, the infringing trade dress of the Infringing Sprinkler Products is likely to deceive and has deceived and diverted customers away from genuine water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler.

127.   The foregoing conduct of Dollar General constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services any word, term, name, symbol, or device, or combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

128.   As Dollar General's supplier of the Infringing Sprinkler Products, Boley has knowingly induced, caused, and materially participated in furthering Dollar General in misappropriating, adopting, selling, copying, marketing, and distributing these Infringing Sprinkler Products which infringe on the trade dress of the Banzai Sprinkler Packaging.   On Plaintiff's information and belief, Boley's knowing inducement, causation, material participation, and involvement in Dollar General's trade dress infringement of the Banzai Sprinkler Packaging continues to this day.

129.   By distributing the Infringing Sprinkler Products which contain infringing trade dress to Dollar General, Boley had actual knowledge of Dollar General's direct infringement of Swift Harvest's protected intellectual property.

130.   By knowingly inducing, causing, participating in, and materially contributing to Dollar General's actions alleged above, Boley has intentionally, knowingly, and willfully infringed on Swift Harvest's protected Banzai Sprinkler Packaging.   Boley has also induced others to infringe these trademarked works and on Plaintiff's knowledge and belief it continues to do so to this day.

131.   Boley presently has induced, caused, participated in, and materially

contributed to Dollar General's distribution of infringing goods, and unless immediately restrained or enjoined, will continue to do so.  Plaintiff's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Boley's use of confusingly similar products and marks in connection with its goods and services.

132.  As a direct and proximate result of Defendans' contributory trade dress infringement, Swift Harvest has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such wanton and willful conduct.

133.  Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a.  Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b.  Be ordered to return to Swift Harvest all originals, copies, derivatives, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

134.  Swift Harvest is entitled to recover its actual damages and Defendant's profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing good pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## **THIRTEENTH CAUSE OF ACTION**

### **(Contributory False Advertising Against All Defendants)**

135.   Plaintiff hereby repeats and re-alleges Paragraphs 1 through 134 of this Complaint as though fully set forth at this point.

136.   Dollar General Corporation ("Dollar General") is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California.

137.   Dollar General's commercial use of pictures, samples, replicas or other adaptations and reproduction of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products constitutes false and misleading descriptions or representations of fact in commercial advertising or promotion, misrepresenting the nature, characteristics, qualities of their or another person's goods or commercial activities and likely to cause and causing deception and influence of purchasing decisions in the market place, as well as the falsely advertised goods to enter interstate commerce.

138.   Dollar General's conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

139.   As Dollar General's supplier of the Infringing Sprinkler Products which are used in false advertising, Boley has knowingly induced, caused, and materially participated in Dollar General's above-alleged false advertising regarding Infringing Sprinkler Products.

140.    On Plaintiff's information and belief, Boley's knowing inducement, causation, and material participation in Dollar General's false advertising regarding Infringing Sprinkler products continues to this day.

141.   By distributing the Infringing Sprinkler Products which contain what

is essentially a reproduction of the Banzai Sprinkler Packaging to Dollar General, Boley had actual knowledge of Dollar General's false advertising regarding Swift Harvest's protected intellectual property.

142. Despite Boley's actual knowledge of Dollar General's false advertising, it continued to supply a means infringement over which it had control and in doing so actively support Dollar General's various promotional efforts of the falsely advertised products.

143. By knowingly inducing, causing, and materially participating in Dollar General's actions alleged above, Boley has intentionally, knowingly, and willfully falsely advertised Infringing Sprinkler Products which are essentially a reproduction of the Banzai Sprinkler Packaging. Boley has also induced others to falsely advertise these trademarked works and on Plaintiff's knowledge and belief it continues to do so to this day.

144. As a direct and proximate result of Defendants' contributory false advertising, Swift Harvest, as Banzai's assignee, is likely to be, and has been injured, by direct diversion of sales from Swift Harvest to Defendants and by lessening of the goodwill which Swift Harvest's water sprinkler products, including the Wigglin' Water Sprinkler (inclusive of the WW Pieces) and Cyclone Spin Sprinkler, enjoy with the purchasing public.

145. As a direct and proximate result of Defendants' false advertising, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

146. Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

      a.    Be enjoined from directly or indirectly infringing Swift

Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b.    Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

147.    Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## FOURTEENTH CAUSE OF ACTION

### (Contributory False Designation of Origin Against All Defendants)

148.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 147 of this Complaint as though set forth in full at this point.

149.    Dollar General Corporation ("Dollar General") is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California.

150.    Dollar General's commercial use of pictures, samples, replicas or other adaptations and reproductions of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers as to

the true origin of the goods so used by Defendants.

151.   Dollar General's advertising, offering for sale, sales and distribution of the Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers into believing that the Infringing Sprinkler Products originate from or are sponsored or authorized by Swift Harvest.

152.   Dollar General's conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

153.   As Dollar General's supplier of the Infringing Sprinkler Products and associated packaging, Boley has knowingly induced, caused, and materially participated in Dollar General's above-alleged false designation of origin regarding Infringing Sprinkler Products.

154.   On Plaintiff's information and belief, Boley's knowing inducement, causation, and material participation in Dollar General's false designation of origin regarding Infringing Sprinkler products continues to this day.

155.   By distributing the Infringing Sprinkler Products which contain what is essentially a reproduction of the Banzai Sprinkler Packaging to Dollar General, Boley had actual knowledge of Dollar General's false designation of origin regarding Swift Harvest's protected intellectual property.

156.   Despite Boley's actual knowledge of Dollar General's false designation of origin, it continued to supply a means infringement over which it had control and in doing so actively support Dollar General's various promotional efforts of the falsely designated products.

157.   By knowingly inducing, causing, and materially participating in Dollar General's actions alleged above, Boley has intentionally, knowingly, and willfully falsely designated the origin of Infringing Sprinkler Products which are essentially a reproduction of the Banzai Sprinkler Packaging.  Boley has also induced others to falsely designate the origin of these trademarked works and on Plaintiff's knowledge and belief it continues to do so to this day.

158. As a direct and proximate result of Boley's contributory false designation of origin, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

159. Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a. Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b. Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

160. Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim of Relief:

1. For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's copyrights, according to proof, in an amount

no less than one hundred thousand ($100,000) dollars.

2.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's copyrights in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

3.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

4.     For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

5.     For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including copyrights, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Second, Third, Fourth and Fifth Claims of Relief:

1.     For compensatory damages, and any additional profits attributable to

37
**COMPLAINT**

the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.     For treble damages, according to proof.

3.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

4.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

5.     For a declaration that this case is exceptional under 15 U.S.C. §1117.

6.     For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7.     For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

8.     For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property

rights, including rights under the Lanham Act, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Sixth Claim of Relief:

1.    For such injunctive relief as is described in the Prayer for Relief on the second, third, fourth, and fifth Claims for Relief above.

2.    For the recovery of damages according to proof, but in excess of one hundred thousand ($100,000) dollars.

3.    For any other relief as the Court may deem proper.

On the Seventh Claim of Relief

1.    For compensatory damages, and any additional profits attributable to Defendants' use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.    For such amount as Defendants have been unjustly enriched as a result of their tortious conduct.

3.    For exemplary and punitive damages according to proof.

On the Eighth Claim of Relief

1.    For such amount as Defendants have been unjustly enriched as a result of their tortious conduct, in an amount no less than one hundred thousand ($100,000) dollars.

2.    That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly using the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop

1  or manufacture any works derived or copied from the WW Demo Photo, Wigglin'
2  Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai
3  Sprinkler Packaging or assist in any such activity.

4  On the Ninth Claim of Relief

5      1.     For such injunctive relief as described in the Prayer for Relief on all
6  Claims for Relief above.

7      2.     For restitution, damages, and compensation according to proof, but in
8  excess of one hundred thousand ($100,000) dollars.

9      3.     For a full accounting of all Defendants' profits derived from their
10 infringement of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the
11 WW Pieces), Cyclone Spin Sprinkler (and its corresponding mark), and Banzai
12 Sprinkler Packaging trademarks, copyrights, and trade dress and an award to Swift
13 Harvest of such profits.

14     4.     For any other relief as the Court may deem proper.

15 On the Tenth Claim of Relief

16     1.     For compensatory damages, and any additional profits attributable to
17 the infringements of Swift Harvest's copyrights, according to proof, in an amount
18 no less than one hundred thousand ($100,000) dollars.

19     2.     That Defendants, and their directors, officers, agents, servants,
20 employees, and all other persons in active concert or privity or in participation with
21 Defendants be enjoined from directly or indirectly infringing Swift Harvest's
22 copyrights in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the
23 WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or
24 continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer,
25 display, transmit, advertise, reproduce, develop or manufacture any works derived
26 or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the
27 WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in
28 any such activity.

3.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

4.     For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

5.     For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including copyrights, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Eleventh Claim of Relief

1.     For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.     For treble damages, according to proof.

3.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the Cyclone Spin Sprinkler or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the Cyclone Spin Sprinkler, or assist in any such activity.

4.     That Defendants, and their directors, officers, agents, servants,

employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the Cyclone Spin Sprinkler in Defendants, or each of their, possession, custody, and/or control.

5.      For a declaration that this case is exceptional under 15 U.S.C. §1117.

6.      For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7.      For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the Cyclone Spin Sprinkler.

8.      For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including rights under the Lanham Act, to the Cyclone Spin Sprinkler.

On the Twelfth Claim of Relief

1.      For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.      For treble damages, according to proof.

3.      That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

4.      That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

5.      For a declaration that this case is exceptional under 15 U.S.C. §1117.

6.      For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7.      For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

8.      For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including rights under the Lanham Act, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Thirteenth Claim of Relief

1.      For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.      For treble damages, according to proof.

3.      That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler

Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

4.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

5.     For a declaration that this case is exceptional under 15 U.S.C. §1117.

6.     For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7.     For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

8.     For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including rights under the Lanham Act, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Fourteenth Claim of Relief

1.     For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.     For treble damages, according to proof.

3. That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

4. That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

5. For a declaration that this case is exceptional under 15 U.S.C. §1117.

6. For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7. For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

8. For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including rights under the Lanham Act, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

<u>On All Causes of Action</u>:

     1.     That the Plaintiff be awarded his costs;

     2.     That the Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

     3.     For such other relief as this Court deems just and proper.

     4.

DATED:  September 5, 2019     REUBEN RAUCHER & BLUM

By:  <u>/s/ Stephen L. Raucher</u>
     Stephen L. Raucher
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Fed.R. Civ. P., Plaintiff hereby demands trial by jury as to all claims in this litigation.

DATED:  September 5, 2019          REUBEN RAUCHER & BLUM

By: _/s/ Stephen L. Raucher_
          Stephen L. Raucher
Attorneys for Plaintiff

47
**COMPLAINT**

# EXHIBIT   A












**EXHIBIT  A**

# EXHIBIT   B





**EXHIBIT   B**

# EXHIBIT   C



**EXHIBIT   C**



**EXHIBIT  C**















**EXHIBIT C**

# EXHIBIT   D



**EXHIBIT   D**

# EXHIBIT   E



**EXHIBIT E**



**EXHIBIT  E**

# EXHIBIT   F

## AMENDED AND RESTATED ASSIGNMENT AGREEMENT

This Amended and Restated Assignment Agreement is entered into by and between Aquawood LLC, a California Limited Liability Company ("Aquawood"), on the one hand, and Focus Brand Limited ("Focus" or "Focus Brand"), a Hong Kong company, on the other hand.

## **RECITALS**

A.      Aquawood is the exclusive owner of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.      Aquawood is the exclusive owner of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.  The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.      Aquawood is the exclusive owner of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.      Aquawood is the exclusive owner of the packaging of the Wigglin' Water Sprinkler, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler Packaging is depicted in the photograph attached as Exhibit D.

E.      Aquawood is the exclusive owner of the packaging of the Cyclone Spin Sprinkler, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all

**EXHIBIT  F**

proprietary and intellectual property rights therein.   The Cyclone Spin Sprinkler Packaging is depicted in the photograph attached as Exhibit E.

F.     This Amended and Restated Assignment Agreement supersedes and replaces the prior Assignment Agreement entered into between the parties regarding the same subject matter.

**AGREEMENT**

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

1.     **Assignment**.   Aquawood hereby assigns to Focus any and all of Aquawood's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.   Aquawood also assigns to Focus any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.   Pursuant to this assignment, Focus may sue any other appropriate persons or entities in its own name.   Further, Aquawood hereby grants to Focus the right to itself assign all of the rights assigned under this Assignment Agreement.

2.     **Attorney's Fees and Costs**.   Focus shall advance all fees and costs incurred in prosecuting the assigned claims.

3.      **Authority to Settle**.   Focus shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

4.      **Share of Proceeds.**  Aquawood shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein.  Aquawood's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

5.      **Cooperation**.  Aquawood agrees to cooperate with Focus in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to execute any further documents necessary to carry out the terms of this Agreement or in connection with any of the claims assigned in accordance with this Agreement.  This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

6.      **Indemnification.**

(a) Aquawood shall indemnify, defend and hold harmless Focus, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Aquawood in the performance of any implied or express

covenant, representation, warranty or agreement hereunder, or (ii) the conduct or alleged conduct of Aquawood, its officers, directors, agents, employees, and representatives.

(b) Focus shall indemnify, defend and hold harmless Aquawood, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Focus in the performance of any implied or express covenant, representation, warranty or agreement hereunder, or (ii) the conduct or alleged conduct of Focus, its officers, directors, agents, employees, and representatives.

7.   **Representations and Warranties**.

(a)   Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

(b)   Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

(c)   Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto.  Each Party has been represented by competent counsel of its own choosing, which counsel has

provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate.  This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

(d)     This Agreement is the result of extensive, arms' length negotiation between the Parties.

(e)     Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

8.     **Integration**.   This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof.   No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement.   All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

9.     **Successors and Assigns**.   This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

10.     **Notices**.   Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Aquawood: | To Focus: |
|---|---|
| Brian Dubinsky | Gary Wan |
| AQUAWOOD LLC | FOCUS BRAND LIMITED |
| 2229 Barry Avenue | Block B, 18/F Fok Ying Building |

| Los Angeles, California 90064 | 379-381 Kings Road Hong Kong |
|---|---|

11.    **Construction of Agreement**.   This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties.   The language of this Agreement will not be construed for or against any Party.  No provision of this Agreement will be construed against any Party by virtue of the activities of that Party or the Party's attorneys.  The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

12.    **Severability**.   The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

13.    **Waiver**.   No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

14.    **Governing Law**.   This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

15.    **Execution in Counterparts**.   This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to

be an original.  Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals to follow.  This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement.


Aquawood LLC                                        Focus Brand Limited

_____1/5/2019_____        _____1/5/2019_____

By:__Brian Dubinsky_____        By:_____

Its:_____        Its:_____













**EXHIBIT   A**



**EXHIBIT   B**

















EXHIBIT   C



**EXHIBIT D**



**EXHIBIT   E**



# EXHIBIT   G

**AMENDED AND RESTATED ASSIGNMENT AGREEMENT**

This Amended and Restated Assignment Agreement is entered into as of June 26, 2017 by and between Focus Brand Limited ("Focus" or "Focus Brand"), a Hong Kong company, on the one hand, and Banzai International Limited ("Banzai"), a Hong Kong company, on the other hand.

## RECITALS

A.      Focus is the exclusive owner of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.      Focus is the exclusive owner of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.  The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.      Focus is the exclusive owner of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.      Focus is the exclusive owner of the packaging of the Wigglin' Water Sprinkler, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler Packaging is depicted in the photograph attached as Exhibit D.

E.      Focus is the exclusive owner of the packaging of the Cyclone Spin Sprinkler, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all

**EXHIBIT   G**

proprietary and intellectual property rights therein. The Cyclone Spin Sprinkler Packaging is depicted in the photograph attached as Exhibit E.

F.      Pursuant to a prior assignment of the foregoing items from Aquawood LLC, a California Limited Liability Company ("Aquawood") to Focus Brand, Aquawood is entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights title and interest in the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.

G.      This Amended and Restated Assignment Agreement supersedes and replaces the prior Assignment Agreement entered into between the parties regarding the same subject matter.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

1.      **Assignment**.  Focus hereby assigns to Banzai any and all of Focus's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.  Focus also assigns to Banzai any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including claims against Dollar General Corporation and any other

appropriate persons or entities.   Pursuant to this assignment, Banzai may sue Dollar General Corporation and any other appropriate persons or entities in its own name. Further, Focus hereby grants to Banzai the right to itself assign all of rights assigned under this Assignment Agreement.

2.     **Attorney's Fees and Costs**.   Banzai shall advance all fees and costs incurred in prosecuting the assigned claims.

3.     **Authority to Settle**.   Banzai shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

4.     **Share of Proceeds.**   Aquawood shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein.   Aquawood's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

Focus Brand shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein.

Focus Brand's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

5.   **Cooperation**.  Focus agrees to cooperate with Banzai in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to execute any further documents necessary to carry out the terms of this Agreement or in connection with any of the claims assigned in accordance with this Agreement.   This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

6.   **Indemnification.**

(a) Focus Brand shall indemnify, defend and hold harmless Banzai, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Focus Brand in the performance of any implied or express covenant, representation, warranty or agreement hereunder, or (ii) the conduct or alleged conduct of Focus Brand, its officers, directors, agents, employees, and representatives.

(b) Banzai shall indemnify, defend and hold harmless Focus Brand, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Banzai in the performance of any implied or express covenant, representation, warranty or agreement hereunder, or (ii)

the conduct or alleged conduct of Banzai, its officers, directors, agents, employees, and representatives.

7.   **Representations and Warranties**.

(a)   Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

(b)   Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

(c)   Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto.  Each Party has been represented by competent counsel of its own choosing, which counsel has provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate.  This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

(d)   This Agreement is the result of extensive, arms' length negotiation between the Parties.

(e)   Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

8.      **Integration**.   This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof.   No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement.   All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

9.      **Successors and Assigns**.   This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

10.     **Notices**.   Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Focus: | To Banzai: |
|---|---|
| Gary Wan<br>FOCUS BRAND LIMITED<br>Block B, 18/F Fok Ying Building<br>379-381 Kings Road<br>Hong Kong | Denny Cheng<br>Banzai International Limited<br>Room 903, 9/F Dannies House<br>20 Luard Road<br>Wanchai, Hong Kong |

11.     **Construction of Agreement**.   This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties.   The language of this Agreement will not be construed for or against any Party.   No provision of this Agreement will be construed against any Party by virtue of the activities of that Party or the Party's attorneys.   The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

12. **Severability**. The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

13. **Waiver**. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

14. **Governing Law**. This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

15. **Execution in Counterparts**. This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to be an original. Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals to follow. This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement, effective as of the date set forth above.


Focus Brand Limited                     Banzai International Limited

Dated:_____       Dated:_____

By:_____       By:_____

Its:_____       Its:_____












**EXHIBIT   A**



**EXHIBIT   B**

















EXHIBIT   C



**EXHIBIT   D**



**EXHIBIT   E**



# EXHIBIT   H

**AMENDED AND RESTATED ASSIGNMENT AGREEMENT**

This Amended and Restated Assignment Agreement is entered into as of July 25, 2017 by and between Banzai International Limited ("Banzai"), a Hong Kong company, on the one hand, and Swift Harvest USA, LLC ("Swift Harvest"), a California limited liability company, on the other hand.

## RECITALS

A.      Banzai is the assignee of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.      Banzai is the assignee of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.  The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.      Banzai is the assignee of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.      Banzai is the assignee of the packaging of the Wigglin' Water Sprinkler, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler Packaging is depicted in the photograph attached as Exhibit D.

E.      Banzai is the assignee of the packaging of the Cyclone Spin Sprinkler, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all proprietary

**EXHIBIT   H**

and intellectual property rights therein.   The Cyclone Spin Sprinkler Packaging is depicted in the photograph attached as Exhibit E.

F.      Pursuant to prior assignments of the foregoing items from Aquawood LLC, a California Limited Liability Company ("Aquawood") to Focus Brand Limited ("Focus" or "Focus Brand"), a Hong Kong Company, and from Focus Brand to Banzai, Aquawood and Focus Brand are each separately entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights title and interest in the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.

G.      This Amended and Restated Assignment Agreement supersedes and replaces the prior Assignment Agreement entered into between the parties regarding the same subject matter.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

**1.      Assignment**.   Banzai hereby assigns to Swift Harvest any and all of Banzai's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.   Banzai also assigns to Swift Harvest any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin

Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including claims against Dollar General Corporation and any other appropriate persons or entities.  Pursuant to this assignment, Swift Harvest may sue Dollar General Corporation and any other appropriate persons or entities in its own name..

2. **License**.  Swift Harvest grants to Banzai and its parent, subsidiaries, affiliates, successors, and/or assigns a perpetual license to use, duplicate, market, offer, sell, display, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.

3. **Attorney's Fees and Costs**.  Swift Harvest shall advance all fees and costs incurred in prosecuting the assigned claims.

4. **Authority to Settle**.  Swift Harvest shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

5. **Share of Proceeds.**  Aquawood shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein.  Aquawood's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

Focus Brand shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any dispute arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein. Focus Brand's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

Banzai shall be entitled to 10 percent of the net proceeds received as a result of settlement or adjudication of any lawsuit arising out of the infringement of any of the rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including any claim or cause of action assigned herein. Banzai's 10 percent interest shall survive any subsequent assignment of any of the rights, title and interest involved herein.

**6.     Cooperation**.     Banzai agrees to cooperate with Swift Harvest in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to execute any further documents necessary to carry out the terms of this Agreement or in connection with any of the claims assigned in accordance with this Agreement. This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

7.     __Indemnification.__

(a)  Banzai shall indemnify, defend and hold harmless Swift Harvest, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Banzai in the performance of any implied or express covenant, representation, warranty or agreement hereunder, or (ii) the conduct or alleged conduct of Banzai, its officers, directors, agents, employees, and representatives.

(b)  Swift Harvest shall indemnify, defend and hold harmless Banzai, its subsidiaries, affiliates and successors and their respective officers, directors, shareholders, employees, agents and representatives, for any loss, claim, cost, damage, liability or expense (including, without limitation attorneys' fees and costs) arising out of or related to (i) any breach or default by Swift Harvest in the performance of any implied or express covenant, representation, warranty or agreement hereunder, or (ii) the conduct or alleged conduct of Swift Harvest, its officers, directors, agents, employees, and representatives.

8.     __Representations and Warranties__.

(a)     Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

(b)     Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement,

representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

(c)     Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto.  Each Party has been represented by competent counsel of its own choosing, which counsel has provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate.  This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

(d)     This Agreement is the result of extensive, arms' length negotiation between the Parties.

(e)     Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

9.     **Integration**.    This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof.   No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement.   All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

10. **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

11. **Notices**.   Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Banzai: | To Swift Harvest: |
|---|---|
| Denny Cheng<br>Banzai International Limited<br>Room 903, 9/F Dannies House<br>20 Luard Road<br>Wanchai, Hong Kong | Franki Tang<br>Swift Harvest USA, LLC<br>2228 Barry Avenue<br>Los Angeles, CA 90064 |

12. **Construction of Agreement**.  This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties.   The language of this Agreement will not be construed for or against any Party.  No provision of this Agreement will be construed against any Party by virtue of the activities of that Party or the Party's attorneys.  The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

13. **Severability**.  The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

14.  **Waiver**.  No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

15.  **Governing Law**.  This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

16.  **Execution in Counterparts**.  This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to be an original.  Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals to follow.  This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement, effective as of the date set forth above.

Banzai International Limited                Swift Harvest USA, LLC

Dated:_____   Dated:_____
1/5/2019                                         1/5/2019

By:_____   By:_____

Its:_____   Its:_____












**EXHIBIT   A**



**EXHIBIT   B**















EXHIBIT   C



**EXHIBIT   D**



**EXHIBIT   E**



# EXHIBIT   I

**DOLLAR GENERAL**

Home  ›› Seasonal  ›› Outdoor Living & Play  ›› Beach & Pool  ›› Twisty Water Sprinkler, 12 ft

## Twisty Water Sprinkler, 12 Ft

**$8.00**          IN STOCK

ITEM  18230601

ENTER QUANTITY

| 1 |

Minimum order qty 1
Every 3 you order gets shipped as a pack

**Add to Shopping List**

ADD TO CART



**EXHIBIT   I**



# EXHIBIT   J

**DOLLAR GENERAL**

Home » Seasonal » Outdoor Living & Play » Beach & Pool » Twisty Water Sprinkler, 12 ft

# Twisty Water Sprinkler, 12 Ft

**$8.00**       IN STOCK
ITEM  18230601

ENTER QUANTITY

| 1 |

Minimum order qty 1
Every 3 you order gets shipped as a pack

QUICK **ADD** for a pack!   **3**

**Add to Shopping List**

ADD TO CART



# EXHIBIT   K

**DOLLAR GENERAL**

Home  ›  Seasonal  ›  Outdoor Living & Play  ›  Beach & Pool  ›  Hurricane Sprinkler - 3 Ring

# Hurricane Sprinkler - 3 Ring

**$8.00**          IN STOCK

ITEM  18229901

ENTER QUANTITY

| 1 |

Minimum order qty 1
Every 2 you order gets shipped as a pack

**Add to Shopping List**

ADD TO CART



**EXHIBIT  K**



# EXHIBIT   L

**DOLLAR GENERAL**

Home » Seasonal » Outdoor Living & Play » Beach & Pool » Cyclone Spin Sprinkler - 3 Ring

# Cyclone Spin Sprinkler - 3 Ring

**$8.00**   IN STOCK

ITEM  18229901

ENTER QUANTITY

| 1 |

Minimum order qty 1
Every 2 you order gets shipped as a pack

QUICK **ADD** for a pack!   **2**

<u>Add to Shopping List</u>

ADD TO CART



**EXHIBIT   L**

