Stephen L. Raucher [SBN 162795]
*sraucher@rrbattorneys.com*
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone:   (310) 777-1990
Facsimile:   (310) 777-1989

Attorneys for Plaintiff,
Swift Harvest USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BOLEY INTERNATIONAL (HK) LTD., a Hong Kong Company; BOLEY CORPORATION, a California Corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. 5:19-CV-01700-DMG-GJS<br><br>**PLAINTIFF SWIFT HARVEST USA, LLC'S EX PARTE APPLICATION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE THE HEARING ON THE MOTION TO DISMISS**<br><br>**[Concurrently filed with the Declaration of Stephen L. Raucher and Proposed Order]**<br><br>Complaint Filed: September 5, 2019 |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Swift Harvest USA, LLC will and hereby does move this Court *ex parte*, in accordance with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and Local Rule 7-19, for an order permitting Plaintiff to take limited jurisdictional discovery in this matter and to continue the hearing on Defendants' pending Motion to Dismiss to allow such discovery to be conducted prior to the time Plaintiff must file its opposition.

As detailed in the accompanying Memorandum of Points and Authorities,

the law of this Circuit authorizes jurisdictional discovery where there is doubt about the underlying facts regarding personal jurisdiction. While such evidence is uniquely within Boley's knowledge and control, even the limited amount of information available to Plaintiff demonstrates good cause for jurisdictional discovery.

The following is Defendants' counsel's contact information:

> Tamany Vinson Bentz
> tamany.bentz@dlapiper.com
> Tyler Anthony
> tyler.anthony@dlapiper.com
> DLA PIPER LLP (US)
> 2000 Avenue of the Stars
> Suite 400 North Tower
> Los Angeles, California 90067-4704
> Tel: 310.595.3000
> Fax: 310.595.3300

On December 19, 2019, in accordance with Local Rule 7-19, Plaintiff gave notice to Defendants' counsel by email of Plaintiff's intention to file this Application, at approximately 9:30 a.m., including that any opposition must be served and filed within 24 hours of service of the papers. (Ex. 12 to Raucher Decl.). Defendants have indicated that they *will* oppose this Application.

This *ex parte* application is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Stephen L. Raucher, and upon such other evidence as may be presented to the Court at the time of any hearing on this application.

DATED: December 19, 2019                    REUBEN RAUCHER & BLUM


By: _____
     Stephen L. Raucher
     Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Swift Harvest USA, LLC ("Swift Harvest") hereby submits its *ex parte* request for Court approval to conduct discovery limited to the issue of personal jurisdiction.  On December 16, 2019, Defendant Boley International (HK) Ltd. ("Boley HK") filed a Motion to Dismiss based on lack of personal jurisdiction, among other things, set for hearing on January 31, 2020.  Based on the limited evidence presented with this Application, Swift Harvest has proffered facts to show that Boley HK is potentially subject to the personal jurisdiction of this Court.  Accordingly, Swift Harvest requests that, consistent with the law in this Circuit, it be allowed to conduct jurisdictional discovery to allow for the submission of additional evidence with its opposition.  In particular, Swift Harvest requests leave to conduct three depositions (including document demands).  (*See* Exs. 2-4 to Raucher Decl.).  Since such discovery will take at least 30 days to conduct, Swift Harvest further requests that the hearing on Defendants' Motion to Dismiss be continued at least 30 days.[1]

## II.

## BACKGROUND

On September 5, 2019, Swift Harvest filed a complaint for copyright infringement and infringement of an unregistered trademark, among other things, against Boley HK and Boley Corporation, a California corporation ("Boley CA").  Swift Harvest alleges that Boley HK and Boley CA have infringed its intellectual property rights in the Banzai Cyclone Spin Sprinkler water toy, Banzai Wigglin' Water Sprinkler Toy, a photograph of children playing with a toy sprinkler, and the

---

[1] Because there is insufficient time for a regularly noticed motion to be heard prior to Swift Harvest's current opposition due date (January 10, 2020), Plaintiff is proceeding via this *ex parte* application.

1

unregistered Cyclone Sprinkler trademark.  Swift Harvest became the owner of these intellectual property rights through a series of assignment agreements.  A firm called Aquawood, LLC ("Aquawood") initially assigned the rights to the asserted intellectual property to Focus Brand Limited ("Focus").  Focus thereafter assigned the intellectual property to Banzai International Limited ("Banzai") who then transferred the intellectual property to Swift Harvest.  (Complaint, ¶¶17-22).

Boley is, among other things, a supplier of children's water sprinkler toys to United States companies, under the trade names "Water Sprinkler," "Twisty Water Sprinkler," "Hurricane Sprinkler," and "Cyclone Spin Sprinkler" (collectively referred to hereinafter as the "Infringing Sprinkler Products").  (Complaint, ¶23).

Swift Harvest had a previous case against Dollar General Corporation ("Dollar General"), a Tennessee corporation, for copyright infringement of the Infringing Sprinkler Products, U.S.D.C. Case No. 2:17-cv-08644-DMG-GJS. Dollar General was the retailer of the Infringing Sprinkler Products supplied by Boley CA and Boley HK. On December 28, 2018, the court granted summary judgment to Dollar General because of perceived defects in the assignment of intellectual property rights, but since then, Swift Harvest and the various predecessors in interest to the asserted intellectual property have entered into Amended and Restated Assignment Agreements which cured the problem identified in the prior case.  (Exs. F-H to Complaint).

On October 2, 2019, counsel for Boley HK asserted that Boley HK is not subject to personal jurisdiction in the United States.  (Raucher Decl., ¶2).  On November 15, 2019, Swift Harvest sent a draft of a deposition notice for Boley CA and a subpoena for Dollar General to opposing counsel.  Swift Harvest further inquired as to whether Boley would stipulate to early discovery regarding its contemplated personal jurisdiction motion.  (Exs. 1-4 to Raucher Decl.).

On November 19, 2019, opposing counsel stated that they would not stipulate to Swift Harvest's proposed jurisdictional discovery.  (Ex. 5 to Raucher

Decl.).  On November 20, 2019, Plaintiff's counsel offered to meet and confer with Defendants' counsel regarding the scope of the proposed discovery.  However, on November 22, 2019, Defendants' counsel rejected any jurisdictional discovery whatsoever.  (Ex. 6 to Raucher Decl.).  On December 16, 2019 Defendants filed their Motion to Dismiss, which included an allegation by Boley HK of a lack of personal jurisdiction.  The motion is set for hearing on January 31, 2020.

## III.

## ARGUMENT

## A.   The Law Is Well-Settled That Plaintiff Is Entitled To Jurisdictional Discovery To Oppose Defendants' Motion to Dismiss

Whenever a defendant raises lack of personal jurisdiction as an affirmative defense and the plaintiff demonstrates that its jurisdictional allegations can be supplemented through discovery, the law in this Circuit is well-settled that Plaintiff has the right to conduct jurisdictional discovery.  Such preliminary discovery is to be permitted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Boschetto v. Hansing*, 593 F.3d 1011, 1020 (9th Cir. 2008).

District courts have broad discretion in scheduling discovery, including broad discretion to order expedited discovery prior to a Rule 26 conference.  *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  The court may authorize expedited discovery for "good cause."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *accord American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009).  Good cause generally exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

Here, good cause is present because complete jurisdictional information is only within the knowledge of defendants Boley HK and Boley CA, and Swift Harvest requires this information to properly oppose the Motion to Dismiss for

1    lack of personal jurisdiction.

2         In order to obtain leave to conduct discovery on jurisdictional facts, a

3    plaintiff must make a "colorable" showing that the court can exercise personal

4    jurisdiction over the defendant.  *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119

5    (C.D. Cal. 2007).  The "colorable" standard is "something less than a prima facie

6    showing, and "could be equated as requiring the plaintiff to come forward with

7    'some evidence' tending to establish personal jurisdiction over the defendant."  *Id*.

8    Jurisdictional discovery is inappropriate, however, when plaintiff's moving papers

9    contain "little more than a hunch that jurisdictional discovery might yield

10   jurisdictionally relevant facts."  *Boschetto*, 539 F.3d at 1020.

11        Here, Plaintiff's request for jurisdictional discovery is narrowly tailored and

12   limited in nature.  Plaintiff moves the Court to permit Plaintiff to conduct three

13   depositions, with accompanying document demands.  (Ex. 2-4 to Raucher Decl.).

14   Documents and information to be discovered through limited jurisdictional

15   discovery possess the potential to clarify controverted factual issues.   These

16   contested facts are necessarily relevant to the jurisdictional analysis. Furthermore,

17   there will be no prejudice to Defendants or any third party if this Application is

18   granted.   Jurisdictional discovery will not prejudice any party from taking full

19   factual depositions and full factual discovery after jurisdiction has been resolved.

20   **B.    Through Jurisdictional Discovery, Plaintiff Can Supplement The**

21           **Factual Basis Supporting The Court's Personal Jurisdiction Over the**

22           **Defendant**

23        There are two paths to establish personal jurisdiction: general personal

24   jurisdiction or specific personal jurisdiction.  In *Glencore Grain Rotterdam B.V. v.*

25   *Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002), the court stated:

26   "When, as here, subject matter jurisdiction is premised on a federal question, the

27   exercise of personal jurisdiction over a non-resident defendant must be authorized

28   by a rule or statute and consonant with the constitutional principles of due

4

process." The court also noted that when there is no applicable federal statute governing personal jurisdiction, the starting point of analysis is California's long arm statute. *Id*. California's long-arm statute permits the exercise of jurisdiction to the limits of due process. *Id*. Thus, in this case, the analysis of personal jurisdiction under California's long-arm and the Constitution will collapse into one.

Constitutional due process is satisfied when a nonresident defendant has certain minimum contacts with the forum such that that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Depending on the nature of the foreign defendant's contacts, a federal court may obtain either specific or general jurisdiction over it. Specific jurisdiction can be exercised when the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum. *Hanson v. Denckla*, 357 U.S. 235, 251 (1958). Alternatively, a defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9 (1984). Whether a court is dealing with specific or general jurisdiction, the touchstone remains "purposeful availment." The evidence will show that this Court has both general and specific personal jurisdiction over Boley HK.

The Ninth Circuit has established a three-part test to determine whether a defendant's contacts are sufficient for the exercise of specific personal jurisdiction. In order for a defendant to have sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

Here, Boley HK has purposefully availed itself of the privileges of conducting activities in California.  The evidence will show that Boley HK's activities in connection with the copyright infringement, trademark infringement, unfair competition, and related causes of action took place in California.

Preliminarily, Boley HK and Boley CA are alter egos.  Alter ego jurisdiction imputes the activities of a subsidiary corporation in the forum state to the out-of-state parent, thereby providing a basis for jurisdiction over the parent corporation. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 425 (9th Cir. 1977). To be subject to jurisdiction pursuant to an alter ego theory, the parent "must exercise a control relationship over its subsidiary." *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1200 (D.D.C. 1984).

The record shows that Boley HK and Boley CA are interchangeable.  For example, a Certification and Notice of Interested Parties in the Dollar General case listed *Boley Corporation* as an interested party because it is the "Manufacturer of Water Sprinkler and Hurricane Sprinkler."  (Ex. 8 to Raucher Decl.).  Meanwhile, Dollar General produced purchase orders for the infringing Cyclone Sprinkler and Water Sprinkler listing "*Boley International HK*" as the vendor.[2]  (Raucher Decl., ¶9).  Additionally, in a May 24, 2017 letter from Reueben Wong written on "Boley" letterhead to Denny Cheng at Banzai International Ltd in response to a cease and desist letter, Mr. Wong stated that Banzai's letter to Dollar General has been referred to "Boley" for response.  Both the letterhead and the letter conflate Boley CA and Boley HK.  (Ex. 9 to Raucher Decl.).

Moreover, the limited public information available to Plaintiff, including Boley HK's corporate documents, supports that the allegation that California has both specific and general jurisdiction over Boley HK.  In his declaration in support of Defendants' Motion to Dismiss, Reuben Wong, Director of Boley HK, states that Boley HK "does not maintain any operations or offices in California or the

---

[2] The purchase orders are not attached as they were designated confidential.

United States." (Wong Decl., ¶4). However, Boley HK's own website contradicts that statement. For example, according to www.boleycorp.com, Boley has both Hong Kong and California offices.



(Ex. 7 to Raucher Decl.)

Furthermore, Boley HK's owners themselves have a physical presence in California. An "Annual Return" filed in Hong Kong shows that the officers of Boley HK are Ronald Wong and Stella Choi. (Ex. 10 to Raucher Decl.). Meanwhile, the California Secretary of State filing for the Boley CA entity shows that Ronald Wong and Stella Wong (who is presumed to be the same person as

Stella Choi) are the sole officers.  Addresses in Chino, California are listed for both Ronald and Stella, and Ronald is also listed as the designated agent for service of process for the US Boley entity.  (Ex. 11 to Raucher Decl.).  This presence in the forum by Boley HK members on behalf of Boley CA certainly bolsters the argument for both general and specific personal jurisdiction.

Furthermore, Boley HK created an essentially identical toy to Swift Harvest's with essentially identical packaging, and it ended up in direct competition with Swift Harvest in the California market.  Boley HK targeted Swift Harvest and the original rights holder, Aquawood, LLC, both of which are California LLCs, by copying their protected work. Therefore, Boley HK purposefully availed and purposefully directed itself of the privileges of conducting activities in the forum.

Through jurisdictional discovery, Swift Harvest can supplement the existing factual basis supporting the Court's exercise of personal jurisdiction over Boley HK.  Swift Harvest seeks to supplement this evidence by conducting depositions (including document demands) of Boley HK, Boley CA, and Dollar General; this discovery should elicit more detailed information about Boley HK's pervasive connection to California in general and in regards to the Infringing Sprinkler Products, and show that Boley HK's activities in connection with the action took place in California.

Through jurisdictional discovery, Swift Harvest would examine any business relationship between Boley HK and Boley CA, as well as other California entities. Further, discovery would permit Swift Harvest to explore all communications between Boley HK and Boley CA regarding the Infringing Sprinkler Products. Swift Harvest would also examine the sale of any Boley HK products in California for the last five years, as well as the connections between Boley HK, Boley CA, and Dollar General.  This jurisdictional discovery would produce information aiding a determination of factual issues pertinent to the three-part *Picot* test.

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Swift Harvest respectfully requests that this Court grant this *Ex Parte* motion to allow jurisdictional discovery and continue the hearing on Defendants' Motion to Dismiss.


DATED:  December 19, 2019                          REUBEN RAUCHER & BLUM


                                                  By: _____
                                                       Stephen L. Raucher
                                                  Attorneys for Plaintiff

9

## DECLARATION OF STEPHEN L. RAUCHER

I, STEPHEN L. RAUCHER, declare as follows:

1.     I am an attorney at law licensed to practice law in the State of California and before this Court.  I am an officer of Reuben Raucher & Blum, attorneys of record for Plaintiff Swift Harvest USA, LLC ("Swift Harvest").  I have direct personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to those facts under oath.

2.     In an October 2, 2019 email, Tamany Bentz, counsel for Defendant, Boley International (HK) Ltd. ("Boley HK"), asserted that Boley HK is not subject to personal jurisdiction in the United States.

3.     On November 15, 2019, I sent a draft of a deposition notice for Boley Corporation and a subpoena for Dollar General Corporation to opposing counsel Tamany Bentz and Tyler Anthony.  I further inquired as to whether Boley would stipulate to early discovery regarding its contemplated personal jurisdiction motion.  Attached hereto as **Exhibit 1** is a true and correct copy of the email from me dated November 15, 2019.  Attached hereto as **Exhibits 2 and 3** are true and correct copies of the draft deposition notice and subpoena.  Additionally, attached hereto as **Exhibit 4** is a true and correct copy of a proposed telephonic notice of deposition of Boley HK.

4.     In a November 19, 2019 email, opposing counsel, Tyler Anthony, stated that they would not stipulate to Swift Harvest's proposed jurisdictional discovery.  Attached hereto as **Exhibit 5** is a true and correct copy of the email from Mr. Anthony dated November 19, 2019.

5.     On November 20, 2019, I offered to meet and confer regarding the scope of the proposed discovery.  However, on November 22, 2019, Mr. Anthony rejected any jurisdictional discovery whatsoever.  Attached hereto as **Exhibit 6** is a true and correct copy of this email chain.

6.     On December 16, 2019 Defendants filed a Motion to Dismiss, which

included an assertion by Boley HK of a lack of personal jurisdiction.  In support of its motion, Boley HK submitted the declaration of Reuben Wong, in which he asserted that Boley "does not maintain any operations or offices in California or the United States."

7.     However, Boley HK's website lists a California location, in addition to a Hong Kong location.  Attached hereto as **Exhibit 7** is a true and correct copy of a screenshot of Boley HK's webpage.

8.     Furthermore, a Certification and Notice of Interested Parties in the Dollar General case listed Boley Corporation as an interested party because it is the "Manufacturer of Water Sprinkler and Hurricane Sprinkler."  Attached hereto as **Exhibit 8** is a true and correct copy of the Certification and Notice of Interested Parties from the prior related case, U.S.D.C. Case No. 17-cv-08644-DMG-GJS.

9.     Meanwhile, Dollar General produced purchase orders in the prior case for the infringing Cyclone Sprinkler and Water Sprinkler listing "Boley International HK" as the vendor.  The purchase orders are not attached as they were designated confidential.

10.    Additionally, in a May 24, 2017 letter from Reueben Wong written on "Boley" letterhead to Denny Cheng at Banzai International Ltd in response to a cease and desist letter, Mr. Wong stated that Banzai's letter to Dollar General had been referred to Boley for response.  The letter conflates Boley CA and Boley HK. Attached hereto as **Exhibit 9** is a true and correct copy of the May 24, 2017 letter from Mr. Wong, as produced in discovery in the prior related case.

11.    Furthermore, corporate filings support the contention that California has jurisdiction over Boley HK.  For example, an "Annual Return" filed in Hong Kong shows that the members (owners) of Boley HK are Ronald Wong and Stella Choi.  Attached hereto as **Exhibit 10** is a true and correct copy of the Boley HK "Annual Return" document.  Meanwhile, a Statement of Information filed by Boley Corporation with the California Secretary of State shows that Ronald Wong

and Stella Wong (who is presumed to be the same person as Stella Choi) are the sole officers of the California corporation.   Addresses in Chino, California are listed for both Ronald and Stella, and Ronald is also listed as the designated agent for service of process for the California Boley entity.   Attached hereto as **Exhibit 11** is a true and correct copy of the California Secretary of State filing for Boley Corporation.

12.   On December 19, 2019, we gave notice to Defendants' counsel by email of Plaintiff's intention to file an *Ex Parte* application at approximately 9:30 a.m., including that any opposition must be served and filed within 24 hours of the notice.   Attached hereto as **Exhibit 12** is a true and correct copy of my office's email.  Defendants have indicated that they will oppose the application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of December, 2019 at Los Angeles, California.


_____
Stephen L. Raucher

3

# EXHIBIT   1

**From:**       Stephen Raucher
**Sent:**       Friday, November 15, 2019 9:05 AM
**To:**         'Bentz, Tamany'; Anthony, Tyler (tyler.anthony@dlapiper.com)
**Cc:**         Nicholas Alexakis
**Subject:**    Swift Harvest v. Boley/Dollar General
**Attachments:** Notice of Depo of Boley Corporation (00390490xC20DB).pdf; Subpoena to Dollar General
                and Attachment (00390508xC20DB).pdf

Hi Tamany and Tyler –

I am working on a new settlement offer, but in the meantime, please advise as to whether Boley will stipulate to early discovery regarding its contemplated personal jurisdiction motion.

A draft 30(b)(6) deposition notice to Boley California and a draft subpoena to Dollar General on jurisdictional issues are attached.  Since the 30(b)(6) notice will need to be served with at least 30 days' notice given the document demands, please advise as soon as possible whether you will agree to early jurisdictional discovery.  Please also provide potential dates for these depositions.

We are also contemplating a 30(b)(6) deposition notice with document demands to Boley HK.

Thank you in advance for your anticipated cooperation.



**Stephen L. Raucher**
12400 Wilshire Boulevard, Suite 800  |  Los Angeles, California 90025
Telephone: (310) 777-1990  |  Facsimile: (310) 777-1989
www.rrbattorneys.com  |  sraucher@rrbattorneys.com

This Message Is Confidential and May Be Protected By the Attorney-Client Privilege and Other Applicable Law

# EXHIBIT  2

Stephen L. Raucher [State Bar #162795]
*sraucher@rrbattorneys.com*
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone:   (310) 777-1990
Facsimile:    (310) 777-1989

Attorneys for Plaintiff
Swift Harvest USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company, | Case No.: 5:19-CV-01700 |
| Plaintiff, | **PLAINTIFF SWIFT HARVEST USA, LLC'S NOTICE OF RULE 30(b)(6) DEPOSITION TO DEFENDANT BOLEY CORPORATION** |
| vs. | |
| BOLEY INTERNATIONAL (HK) Ltd., a Hong Kong Company; BOLEY CORPORATION, a California Corporation; and DOES 1-10, | Date: Time:  9:30 a.m. Location:  Reuben Raucher & Blum |
| Defendants. | Complaint filed:      September 5, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff, SWIFT HARVEST USA, LLC ("SWIFT HARVEST"), through its attorneys, will take the deposition of the person most knowledgeable from Defendant BOLEY CORPORATION. ("Defendant"), on the categories of information listed below, on [DATE], 2019 at the offices of Reuben Raucher & Blum, 12400 Wilshire Blvd., Suite 800, Los Angeles, CA 90025, or at such other time and place as may be agreed by the parties.  The deposition will commence at 9:30 a.m. PST, and shall continue for seven (7) complete hours of transcript time per designee, continuing as late as necessary, or concluding on the following day, if necessary.  The deposition will be taken upon oral examination before a court reporter or other person lawfully authorized to administer oaths and take deposition testimony for the purposes of discovery and may be videotaped or audiotaped for use as evidence in this action, including trial, or for such other purposes as are permitted.

Pursuant to FRCP 30(b)(6), Defendant is required to produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf on each of the categories listed below. Within five (5) business days of the date of the deposition, Defendant is requested to identify, in writing, the name(s) and position(s) of the person(s) who will testify on its behalf concerning the below categories.

PLEASE TAKE FURTHER NOTICE that pursuant to FRCP 30(b)(2) and 34, the deponent must produce the documents, records, or other materials specified below at such deposition.

The categories and relevant definitions are as follows:

**DEFINITIONS**

1.     "BOLEY" means Defendant BOLEY CORPORATION, a California Corporation; any current or former directors, officers, agents or employees; and

1

any other person acting on behalf of BOLEY or at their direction or under their control.

2.    "BOLEY HK" means Defendant BOLEY INTERNATIONAL (HK) Ltd., a Hong Kong Company; any current or former directors, officers, agents or employees; and any other person acting on behalf of BOLEY HK or at their direction or under their control.

3.    "DOLLAR    GENERAL"    means    DOLLAR    GENERAL CORPORATION, a Tennessee corporation any current or former directors, officers, agents or employees; and any other person acting on behalf of DOLLAR GENERAL or at their direction or under their control.

4.    "INFRINGING SPRINKLER PRODUCTS" means and refers to the children's water sprinkler toys that are distributed, marketed, sold, and offered for sale under the trade names "Water Sprinkler," "Twisty Water Sprinkler," "Hurricane Sprinkler," and "Cyclone Spin Sprinkler" referenced in the operative complaint in this matter.

5.    "COMMUNICATION" in the singular and plural means and refers to any oral, telephonic, written, electronic, or other transmittal of information or other content, including via e-mail, text message, and social media.

## **CATEGORIES**

1.    Any communications between BOLEY HK and BOLEY for the last five years;

2.    Any contracts between BOLEY HK and BOLEY;

3.    BOLEY's business relationship with BOLEY HK;

4.    Any and all contacts of any kind between BOLEY, BOLEY HK, and the State of California;

5.    Ronald Wong's relationship with BOLEY;

6.    Ronald Wong's relationship with BOLEY HK;

7.    Stella Wong's relationship with BOLEY;

8.      Stella Wong's relationship with BOLEY HK;

9.      Any business relationship between BOLEY HK and any California entities, or entities with their principal place of business in California, for the last five years;

10.     The sale of any BOLEY HK products in California for the last five years;

11.     All communications with BOLEY HK regarding the INFRINGING SPRINKLER PRODUCTS; and

12.     All communications with DOLLAR GENERAL regarding the INFRINGING SPRINKLER PRODUCTS.

## REQUEST FOR PRODUCTION

Deponent is requested to produce at the deposition all documents supporting, referring to, relating to, or concerning:

1.      Invoices, receipts, travel expenses, calendars, diaries, and any other documents reflecting or referring to travel to the State of California by BOLEY HK;

2.      The negotiation of any contracts between BOLEY and BOLEY HK;

3.      Any contracts between BOLEY and BOLEY HK;

4.      The performance of any contracts between BOLEY and BOLEY HK;

5.      All communications between BOLEY and BOLEY HK for the last five years;

6.      Any lawsuits filed against BOLEY and/or BOLEY HK in the State of California;

7.      Ronald Wong's relationship with BOLEY;

8.      Ronald Wong's relationship with BOLEY HK;

9.      Stella Wong's relationship with BOLEY;

10.     Stella Wong's relationship with BOLEY HK;

11.     Any business relationship between BOLEY HK and any California

1 | entities for the last five years;

2 | 12. The sale of any BOLEY HK products in California for the last five

3 | years;

4 | 13. All communications with BOLEY HK regarding the INFRINGING

5 | SPRINKLER PRODUCTS; and

6 | 14. All communications with DOLLAR GENERAL regarding the

7 | INFRINGING SPRINKLER PRODUCTS.

8 |

9 | DATED: November 14, 2019                    REUBEN RAUCHER & BLUM

10 |

11 |                                             By:_____
                                                    Stephen L. Raucher

12 |                                             Attorneys for Plaintiff Swift Harvest USA,
                                                 LLC

4

# EXHIBIT  3

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Swift Harvest USA, a California Limited Liability Company | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   5:19-CV-01700 |
| Boley International (HK) Ltd., a Hong Kong Company;<br>Boley Corporation, a California Corporation; et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Dollar General Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment

| Place: Bradley Arant Boult Cummings, LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203 | Date and Time: |
|---|---|

The deposition will be recorded by this method:     stenographic; audio; video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/14/2019

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Stephen L. Raucher |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Swift Harvest USA, LLC                                          , who issues or requests this subpoena, are:

Stephen L. Raucher; 12400 Wilshire Boulevard, Suite 800, Los Angeles, CA 90025; sraucher@rrbattorneys.com;
(310) 777-1990

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   5:19-CV-01700

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Dollar General Corporation
_____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

Pursuant to FRCP 30(b)(6), DOLLAR GENERAL is required to produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf on each of the categories listed below. Within five (5) business days of the date of the deposition, DOLLAR GENERAL is requested to identify, in writing, the name(s) and position(s) of the person(s) who will testify on its behalf concerning the below categories.

Pursuant to FRCP 30(b)(2) and 34, the deponent must produce the documents, records, or other materials specified below at such deposition.

The categories and relevant definitions are as follows:

## DEFINITIONS

1. "DOLLAR GENERAL" means DOLLAR GENERAL CORPORATION, a Tennessee corporation any current or former directors, officers, agents or employees; and any other person acting on behalf of DOLLAR GENERAL or at their direction or under their control.

2. "BOLEY" means Defendant BOLEY CORPORATION, a California Corporation; any current or former directors, officers, agents or employees; and any other person acting on behalf of BOLEY or at their direction or under their control.

3. "BOLEY HK" means Defendant BOLEY INTERNATIONAL (HK) Ltd., a Hong Kong Company; any current or former directors, officers, agents or employees; and any other person acting on behalf of BOLEY HK or at their direction or under their control.

4. "INFRINGING SPRINKLER PRODUCTS" means and refers to the children's water sprinkler toys that are distributed, marketed, sold, and offered for sale under the trade names "Water Sprinkler," "Twisty Water Sprinkler," "Hurricane Sprinkler," and "Cyclone Spin Sprinkler" referenced in the operative complaint in this matter.

1

5.      "COMMUNICATION" in the singular and plural means and refers to any oral, telephonic, written, electronic, or other transmittal of information or other content, including via e-mail, text message, and social media.

## CATEGORIES

1.      DOLLAR GENERAL's business relationship with BOLEY HK;

2.      DOLLAR GENERAL's business relationship with BOLEY;

3.      Any and all contacts of any kind between DOLLAR GENERAL, BOLEY HK, and the State of California;

4.      Any and all contacts of any kind between DOLLAR GENERAL, BOLEY, and the State of California;

5.      The sale of any BOLEY HK products in California for the last five years;

6.      All communications with BOLEY HK regarding the INFRINGING SPRINKLER PRODUCTS; and

7.      All communications with BOLEY regarding the INFRINGING SPRINKLER PRODUCTS.

## REQUEST FOR PRODUCTION

Deponent is requested to produce at the deposition all documents supporting, referring to, relating to, or concerning:

1.      Any contracts between DOLLAR GENERAL and BOLEY HK;

2.      Any contracts between DOLLAR GENERAL and BOLEY;

3.      The performance of any contracts between DOLLAR GENERAL and BOLEY HK in California;

4.      The performance of any contracts between DOLLAR GENERAL and BOLEY in California;

5.      All communications between DOLLAR GENERAL and BOLEY HK in California for the last five years;

6.      All communications between DOLLAR GENERAL and BOLEY in

1   California for the last five years;

2        7.    Any lawsuits filed against DOLLAR GENERAL and BOLEY in the

3   State of California;

4        8.    Any lawsuits filed against DOLLAR GENERAL and BOLEY HK in

5   the State of California;

6        9.    The sale of any BOLEY HK products in California for the last five

7   years;

8        10.   All communications with BOLEY HK regarding the INFRINGING

9   SPRINKLER PRODUCTS; and

10       11.   All communications with BOLEY regarding the INFRINGING

11  SPRINKLER PRODUCTS.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  4

Stephen L. Raucher [State Bar #162795]
*sraucher@rrbattorneys.com*
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone:   (310) 777-1990
Facsimile:    (310) 777-1989

Attorneys for Plaintiff
Swift Harvest USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company,<br><br>                      Plaintiff,<br><br>vs.<br><br>BOLEY INTERNATIONAL (HK) Ltd., a Hong Kong Company; BOLEY CORPORATION, a California Corporation; and DOES 1-10,<br><br>                      Defendants. | Case No.: 5:19-CV-01700<br><br>**PLAINTIFF SWIFT HARVEST USA, LLC'S NOTICE OF RULE 30(b)(6) DEPOSITION TO DEFENDANT BOLEY INTERNATIONAL (HK) LTD.**<br><br>Date:<br>Time:          4:00 p.m. PST<br>Location:   Benny Kong & Tsai<br>                 Solicitor's HK Office at<br>                 19B, OTB Building<br>                 160 Gloucester Road<br>                 Hong Kong<br><br>Complaint filed:  September 5, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(4) and 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff, SWIFT HARVEST USA, LLC ("SWIFT HARVEST"), through its attorneys, will remotely, via telephone, take the deposition of the person most knowledgeable from Defendant BOLEY INTERNATIONAL (HK) LTD. ("Defendant"), on the categories of information listed below, on [DATE], 2019, at Benny Kong & Tsai Solicitor's Hong Kong office (19B, OTB Building, 160 Gloucester Road, Hong Kong) or at such other time and place as may be agreed by the parties.  The deposition will commence at 4:00 p.m. PST, and shall continue for seven (7) complete hours of transcript time per designee, continuing as late as necessary, or concluding on the following day, if necessary.  The deposition will be taken upon oral examination before a court reporter or other person lawfully authorized to administer oaths and take deposition testimony for the purposes of discovery and may be videotaped or audiotaped for use as evidence in this action, including trial, or for such other purposes as are permitted.

Pursuant to FRCP 30(b)(6), Defendant is required to produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf on each of the categories listed below. Within five (5) business days of the date of the deposition, Defendant is requested to identify, in writing, the name(s) and position(s) of the person(s) who will testify on its behalf concerning the below categories.

PLEASE TAKE FURTHER NOTICE that pursuant to FRCP 30(b)(2) and 34, the deponent must produce the documents, records, or other materials specified below at such deposition.

The categories and relevant definitions are as follows:

## DEFINITIONS

1.     "BOLEY HK" means Defendant BOLEY INTERNATIONAL (HK)

1

Ltd., a Hong Kong Company; any current or former directors, officers, agents or employees; and any other person acting on behalf of BOLEY HK or at their direction or under their control.

2.     "BOLEY" means Defendant BOLEY CORPORATION, a California Corporation; any current or former directors, officers, agents or employees; and any other person acting on behalf of BOLEY or at their direction or under their control.

3.     "DOLLAR     GENERAL"     means     DOLLAR     GENERAL CORPORATION, a Tennessee corporation any current or former directors, officers, agents or employees; and any other person acting on behalf of DOLLAR GENERAL or at their direction or under their control.

4.     "INFRINGING SPRINKLER PRODUCTS" means and refers to the children's water sprinkler toys that are distributed, marketed, sold, and offered for sale under the trade names "Water Sprinkler," "Twisty Water Sprinkler," "Hurricane Sprinkler," and "Cyclone Spin Sprinkler" referenced in the operative complaint in this matter.

5.     "COMMUNICATION" in the singular and plural means and refers to any oral, telephonic, written, electronic, or other transmittal of information or other content, including via e-mail, text message, and social media.

## CATEGORIES

1.     Any communications between BOLEY HK and BOLEY for the last five years;

2.     Any contracts between BOLEY HK and BOLEY;

3.     BOLEY HK's business relationship with BOLEY;

4.     Any and all contacts of any kind between BOLEY, BOLEY HK, and the State of California;

5.     Ronald Wong's relationship with BOLEY;

6.     Ronald Wong's relationship with BOLEY HK;

2

7. Stella Wong's relationship with BOLEY;

8. Stella Wong's relationship with BOLEY HK;

9. Any business relationship between BOLEY HK and any California entities, or entities with their principal place of business in California, for the last five years;

10. The sale of any BOLEY HK products in California for the last five years;

11. All communications with BOLEY regarding the INFRINGING SPRINKLER PRODUCTS; and

12. All communications with DOLLAR GENERAL regarding the INFRINGING SPRINKLER PRODUCTS.

### **REQUEST FOR PRODUCTION**

Deponent is requested to produce at the deposition all documents supporting, referring to, relating to, or concerning:

1. Invoices, receipts, travel expenses, calendars, diaries, and any other documents reflecting or referring to travel to the State of California by BOLEY HK;

2. The negotiation of any contracts between BOLEY and BOLEY HK;

3. Any contracts between BOLEY and BOLEY HK;

4. The performance of any contracts between BOLEY and BOLEY HK;

5. All communications between BOLEY and BOLEY HK for the last five years;

6. Any lawsuits filed against BOLEY and/or BOLEY HK in the State of California;

7. Ronald Wong's relationship with BOLEY;

8. Ronald Wong's relationship with BOLEY HK;

9. Stella Wong's relationship with BOLEY;

10. Stella Wong's relationship with BOLEY HK;

3

11.     Any business relationship between BOLEY HK and any California entities for the last five years;

12.     The sale of any BOLEY HK products in California for the last five years;

13.     All communications with BOLEY regarding the INFRINGING SPRINKLER PRODUCTS; and

14.     All communications with DOLLAR GENERAL regarding the INFRINGING SPRINKLER PRODUCTS.


DATED: December 18, 2019          REUBEN RAUCHER & BLUM


                                  By:_____
                                       Stephen L. Raucher
                                  Attorneys for Plaintiff Swift Harvest USA,
                                  LLC

4

# EXHIBIT  5

**From:**        Anthony, Tyler [tyler.anthony@dlapiper.com]
**Sent:**        Tuesday, November 19, 2019 5:57 PM
**To:**          Stephen Raucher; Bentz, Tamany
**Cc:**          Nicholas Alexakis
**Subject:**     RE: Swift Harvest v. Boley/Dollar General

Stephen,

We will not stipulate to Plaintiff's proposed discovery.

The proposed discovery is improper because you have no colorable basis for personal jurisdiction and, therefore, no basis for discovery.  Plaintiff's allegations regarding personal jurisdiction are nothing more than conclusory statements. Plaintiff's Complaint alleges *zero* facts showing any contacts between Boley HK and the state of California.  Indeed, Plaintiff's allegation that Boley HK had any involvement in supplying the allegedly "infringing products" is itself based on "information and belief."  Compl., ¶ 23.  We will reconsider our position if your client has any additional information to proffer in support of its demanded discovery.

Relatedly, Plaintiff's proposed discovery is not narrowly tailored to discover jurisdictional facts.  For instance, the proposed Dollar General subpoena would, by its terms, encompass testimony concerning the entirety of the "business relationship" between Dollar General and Boley HK (without regard for its impact on the state of California); would require the production of all contracts between the two (again, without regard for those contracts' relationship to California); and would encompass discovery concerning the relationship and all contracts between Dollar General and Boley Corp., discovery that has nothing to do with Boley HK's contacts with California.  The deposition notice to Boley Corp. is even broader, encompassing, inter alia, all communications between Boley Corp. and Boley HK for the last five years; and the entirety of the business relationship between the two, including all contracts, as well as all contract negotiations between the two.

The discovery is also premature under the Federal Rules of Civil Procedure ("FRCP").  As you know, discovery in federal court is not available until after the parties have held a Rule 26(f) conference.  FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")  In the Ninth Circuit, a plaintiff seeking expedited discovery must show "good cause"—*i.e.*, that the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Plaintiff has not provided any basis for a finding of "good cause."

Finally, we will need to meet and confer with you regarding Defendants' anticipated motion to dismiss.  **Please let us know if there is a good day/time during the week after Thanksgiving for us to meet and confer.**

Thanks,

Tyler

---

**From:** Stephen Raucher <sraucher@rrbattorneys.com>
**Sent:** Friday, November 15, 2019 9:05 AM
**To:** Bentz, Tamany <Tamany.Bentz@us.dlapiper.com>; Anthony, Tyler <Tyler.Anthony@us.dlapiper.com>
**Cc:** Nicholas Alexakis <nalexakis@rrbattorneys.com>
**Subject:** Swift Harvest v. Boley/Dollar General

[EXTERNAL]

# EXHIBIT  6

| From: | Stephen Raucher |
|---|---|
| Sent: | Wednesday, November 20, 2019 4:39 PM |
| To: | 'Anthony, Tyler'; Bentz, Tamany |
| Cc: | Nicholas Alexakis |
| Subject: | RE: Swift Harvest v. Boley/Dollar General |

Tyler –

We obviously disagree that there is no colorable basis for personal jurisdiction.  The relationship between Boley HK and Boley California alone provides a colorable basis.  However, it is true that we need an opportunity to develop this evidence, which is solely in the defendants' possession.  Hence, our request for jurisdictional discovery, which, as you know, is routinely granted.

We are open to meeting and conferring to narrow the scope of the discovery.  Please let me know your proposal in that regard.

We of course understand that the discovery is premature, which is why we are seeking your stipulation.  Otherwise, we will have to seek permission to conduct the discovery from the Court once you file your personal jurisdiction motion.

I propose December 4, 2019 at 3:00 p.m. to discuss your contemplated Motion to Dismiss.  Please let us know in advance if there are any issues beyond a personal jurisdiction challenge by Boley HK.



**Stephen L. Raucher**
12400 Wilshire Boulevard, Suite 800  |  Los Angeles, California 90025
Telephone: (310) 777-1990   |  Facsimile: (310) 777-1989
www.rrbattorneys.com  |  sraucher@rrbattorneys.com

This Message Is Confidential and May Be Protected By the Attorney-Client Privilege and Other Applicable Law

---

**From:** Anthony, Tyler [mailto:tyler.anthony@dlapiper.com]
**Sent:** Tuesday, November 19, 2019 5:57 PM
**To:** Stephen Raucher; Bentz, Tamany
**Cc:** Nicholas Alexakis
**Subject:** RE: Swift Harvest v. Boley/Dollar General

Stephen,

We will not stipulate to Plaintiff's proposed discovery.

The proposed discovery is improper because you have no colorable basis for personal jurisdiction and, therefore, no basis for discovery.  Plaintiff's allegations regarding personal jurisdiction are nothing more than conclusory statements. Plaintiff's Complaint alleges *zero* facts showing any contacts between Boley HK and the state of California.  Indeed, Plaintiff's allegation that Boley HK had any involvement in supplying the allegedly "infringing products" is itself based on "information and belief."  Compl., ¶ 23.  We will reconsider our position if your client has any additional information to proffer in support of its demanded discovery.

1

Relatedly, Plaintiff's proposed discovery is not narrowly tailored to discover jurisdictional facts.  For instance, the proposed Dollar General subpoena would, by its terms, encompass testimony concerning the entirety of the "business relationship" between Dollar General and Boley HK (without regard for its impact on the state of California); would require the production of all contracts between the two (again, without regard for those contracts' relationship to California); and would encompass discovery concerning the relationship and all contracts between Dollar General and Boley Corp., discovery that has nothing to do with Boley HK's contacts with California.  The deposition notice to Boley Corp. is even broader, encompassing, inter alia, all communications between Boley Corp. and Boley HK for the last five years; and the entirety of the business relationship between the two, including all contracts, as well as all contract negotiations between the two.

The discovery is also premature under the Federal Rules of Civil Procedure ("FRCP").  As you know, discovery in federal court is not available until after the parties have held a Rule 26(f) conference.  FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")  In the Ninth Circuit, a plaintiff seeking expedited discovery must show "good cause"—*i.e.*, that the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Plaintiff has not provided any basis for a finding of "good cause."

Finally, we will need to meet and confer with you regarding Defendants' anticipated motion to dismiss.  **Please let us know if there is a good day/time during the week after Thanksgiving for us to meet and confer.**

Thanks,

Tyler

---

**From:** Stephen Raucher <sraucher@rrbattorneys.com>
**Sent:** Friday, November 15, 2019 9:05 AM
**To:** Bentz, Tamany <Tamany.Bentz@us.dlapiper.com>; Anthony, Tyler <Tyler.Anthony@us.dlapiper.com>
**Cc:** Nicholas Alexakis <nalexakis@rrbattorneys.com>
**Subject:** Swift Harvest v. Boley/Dollar General

[EXTERNAL]

---

Hi Tamany and Tyler –

I am working on a new settlement offer, but in the meantime, please advise as to whether Boley will stipulate to early discovery regarding its contemplated personal jurisdiction motion.

A draft 30(b)(6) deposition notice to Boley California and a draft subpoena to Dollar General on jurisdictional issues are attached.  Since the 30(b)(6) notice will need to be served with at least 30 days' notice given the document demands, please advise as soon as possible whether you will agree to early jurisdictional discovery.  Please also provide potential dates for these depositions.

We are also contemplating a 30(b)(6) deposition notice with document demands to Boley HK.

Thank you in advance for your anticipated cooperation.



**Stephen L. Raucher**
12400 Wilshire Boulevard, Suite 800  |  Los Angeles, California 90025
Telephone: (310) 777-1990  |  Facsimile: (310) 777-1989
www.rrattorneys.com  |  sraucher@rrattorneys.com

This Message Is Confidential and May Be Protected By the Attorney-Client Privilege and Other Applicable Law

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT  7

**Free Shipping on Orders Over $35\***

☰()    🔍



👤 (/account/login)    🛍️

# We're Here to Help!

First Name*

Last Name*

Your Email*

Mobile Number

How Can We Help?*

Your Message

**Send**

# Our Locations

## Los Angeles Office

14042 Central Avenue
Chino, CA 91710

+1 (909) 993-5868

## Hong Kong Office

Units 504-7, 5/F, Tower B, New Mandarin Plaza
14 Science Museum Road, Tsim Sha Tsui East
Kowloon, Hong Kong

+852 2311-0889

**Join Our List!**    1

**CONTACT US**                    **FOLLOW THE ACTION**

Contact Us (/pages/help)    Privacy Policy (/pages/privacy-policy)

Terms & Conditions (/pages/terms-conditions)

**Join Our List!**

1

# EXHIBIT  8

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
Tamany Vinson Bentz, SBN 258600
Kirby Hsu, SBN 312535
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067
Tel: 310.595.3000
Fax: 310.595.3300
ATTORNEY(S) FOR: DOLLAR GENERAL CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company, <br><br> Plaintiff(s), <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, a Tennessee corporation, DOES 1-10, <br><br> Defendant(s) | CASE NUMBER:<br> 2:17-cv-08644-DMG-GJS <br><br><br> **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** <br> (Local Rule 7.1-1) |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for   Dollar General Corporation
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Dollar General Corporation | Defendant |
| Boley Corporation | Manufacturer of Water Sprinkler and Hurricane Sprinkler |
| Swift Harvest USA, LLC | Plaintiff |
| Manley Toys Limited | Previous owner of intellectual property rights associated with Wigglin' Water Sprinkler and Cyclone Spin Sprinkler |
| Focus Brand Limited | Previous owner of intellectual property rights associated with Wigglin' Water Sprinkler and Cyclone Spin Sprinkler |
| Banzai International Limited | Previous owner of intellectual property rights associated with Wigglin' Water Sprinkler and Cyclone Spin Sprinkler |

| | |
|---|---|
| April 16, 2018 | /s/ Tamany Vinson Bentz |
| Date | Signature |

Attorney of record for (or name of party appearing in pro per):

Defendant Dollar General Corporation

# EXHIBIT  9



**Where the action is!**

May 24, 2017


**VIA EMAIL TO**: denny@banzaitoy.com
Denny Cheng
Banzai International Ltd

      Re:    Banzai v. Boley

Dear Mr. Cheng:

      We are responding to your letter of May 22, 2017, and as a follow up to our previous letter of May 19, 2017 and our previous email of May 17, 2017.  We take matters of intellectual property very seriously, and are in the process of trying to ascertain what you allege we infringe.  While you refer to the matter as simple and straightforward, it is our experience that intellectual property matters are always complex and nuanced.  That is the case here.  Please provide proof of legal ownership of the products as well as a copy of the copyright registrations, proof of ownership of those copyright registrations, and the specimen you filed with the copyright, then we can conduct our due diligence on your claim.  Without a copy of the actual registration, proof of ownership, and what was registered, it is simply impossible for our team to make a determination of your claim to which we may reply.

      Furthermore, even if you are the owner of the alleged copyright, it is well known that ornamental features are not protectable by copyright, but rather, via a design patent.  Moreover, our review of U.S. copyright records fails to show that you are the owner of any copyrights.  As regards to the documents you provided, our review finds that the requisite substantial similarity is missing.  In addition, the differences in shape, color, connectors, packaging, overall function, etc., are significant between the two products.

      As you have previously been advised, your letter to Dollar General has been referred to us for response.  Please direct any and all future correspondence in this matter to the undersigned.  If you want to resolve this issue, please send us proof of legal ownership rights of said product and proof of copyright registrations and specimen instead of threatening letters.

      We look forward to hearing from you soon.

Yours truly,


Reuben Wong
Vice President

# EXHIBIT  10



**公司註冊處**
**Companies Registry**

**周年申報表**
**Annual Return**

檔案 Filed

表格
Form  **NAR1**

公司編號 **Company Number**

398899

註 **Note**

**1**   公司名稱 **Company Name**

Boley International (HK) Limited

**❼**  **2**   商業名稱(如有的話) **Business Name (If any)**

(Nil)

**3**   公司類別 **Type of Company**
*請在適用的空格內加上 ✓ 號  Please tick the relevant box*

[✓] 私人公司
Private company

[ ] 公眾公司
Public company

[ ] 擔保有限公司
Company limited by guarantee

**❽**  **4**   本申報表的結算日期
**Date to which this Return is Made Up**

| 12 | 01 | 2019 |
|---|---|---|
| 日 DD | 月 MM | 年 YYYY |

*(如屬私人公司，本申報表應列載截至公司成立為法團之周年期的資料。*
*如屬公眾公司，申報表的結算日期應為該公司的會計參照期結束後的 6 個月屆滿之日。*
*如屬擔保有限公司，申報表的結算日期應為該公司的會計參照期結束後的 9 個月屆滿之日。*

*For a private company, the information in this return should be made up to the anniversary of the date of its incorporation.*
*For a public company, the return should be made up to the date that is 6 months after the end of its accounting reference period.*
*For a company limited by guarantee, the return should be made up to the date that is 9 months after the end of its accounting reference period.)*

**❾**  **5**   隨本表格交付的財務報表所涵蓋的會計期
**Period Covered by Financial Statements Delivered with this Form**
*(私人公司無需填報此項  A private company need not complete this section)*

| -- | -- | -- | 至 To | -- | -- | -- |
|---|---|---|---|---|---|---|
| 日 DD | 月 MM | 年 YYYY | | 日 DD | 月 MM | 年 YYYY |

**❿**  **6**   註冊辦事處地址 **Address of Registered Office**

Units 1B & 2B, 10/F., Tower 2, South Seas Centre, 75 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong

**❸**  提交人資料 **Presentor's Reference**

姓名 Name:   Panfair Services Limited
地址 Address:  10/F., Chun Wo Commercial Centre,
              23-29 Wing Wo Street,
              Central,
              Hong Kong
電話 Tel:  2541 0784      傳真 Fax: 2815 3489
電郵 Email:
檔號 Reference:   23420043, Due Date:22/02/2019

請勿填寫本欄 **For Official Use**



23301512767
NAR1L        0398899
19/02/2019

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

0143

*Panfair Services Limited*

| 表格<br>Form | **NAR1** | 公司編號 **Company Number** |
|---|---|---|
| | | 398899 |

**⑪ 7   電郵地址 Email Address**

| (Nil) |
|---|

**8   按揭及押記 Mortgages and Charges**

截至本申報表的結算日期，所有根據《公司條例》須向公司註冊處處長登記的，或若於 1912 年 1 月 1 日後設定便須如此登記的按揭及押記的負債總額

Total amount of the indebtedness as at the date to which this return is made up in respect of all mortgages and charges which are required to be registered with the Registrar of Companies pursuant to the Companies Ordinance or would have been required to be so registered if created after 1 January 1912

| (Nil) |
|---|

**9   無股本公司的成員人數 Number of Member(s) of a Company Not Having a Share Capital**

*(有股本的公司無需填報此項   Company having a share capital need not complete this section)*

| 截至本申報表的結算日期的成員人數<br>Number of Member(s) as at the Date to which this Return is Made Up | N/A |
|---|---|

**⑫ 10   股本 Share Capital**

*(無股本的公司無需填報此項   Company not having a share capital need not complete this section)*

| | | 截至本申報表的結算日期 As at the Date to which this Return is Made Up | | |
|---|---|---|---|---|
| 股份的類別<br>(如普通股／<br>優先股等)<br>Class of Shares<br>(e.g. Ordinary／<br>Preference etc.) | 貨幣單位<br>Currency | 已發行股份 Issued Shares | | |
| | | 總數<br>Total Number | 總款額<br>Total Amount | 已繳或視作<br>已繳的總款額<br>Total Amount Paid up or<br>Regarded as Paid up |
| Ordinary | HKD | 100 | 100.00 | 100.00 |
| | | | | |
| | | | | |
| | | | | |
| 總數<br>Total | HKD | 100 | 100.00 | 100.00 |

第二頁 Page 2

0144

*Panfair Services Limited*

表格
Form **NAR1**

公司編號 **Company Number**
398899

**11  公司秘書 Company Secretary**

**A.  公司秘書（自然人）Company Secretary (Natural Person)**
(如超過一名公司秘書屬自然人，請用續頁 A 填報 Use Continuation Sheet A if more than 1 company secretary is a natural person)

| | | |
|---|---|---|
| 中文姓名<br>**Name in Chinese** | | |
| 英文姓名<br>**Name in English** | 姓氏<br>Surname | |
| | 名字<br>Other Names | |
| 前用姓名<br>**Previous Names** | 中文<br>Chinese | |
| | 英文<br>English | |
| 別名<br>**Alias** | 中文<br>Chinese | |
| | 英文<br>English | |
| ⓭ 香港通訊地址<br>**Hong Kong<br>Correspondence<br>Address** | | |
| | | |
| | | |
| | 地區<br>Region | |
| ⓮ 電郵地址<br>**Email Address** | | |

**⓯  身分證明 Identification**

(a) 香港身分證號碼<br>   **Hong Kong Identity Card Number** [  ][  ] - [  ][  ][  ][  ][  ][  ]

(b) 護照<br>   Passport

| | | |
|---|---|---|
| | 簽發國家<br>Issuing Country | |
| | 號碼<br>Number | |

**B.  公司秘書（法人團體）Company Secretary (Body Corporate)**
(如超過一名公司秘書屬法人團體，請用續頁 A 填報 Use Continuation Sheet A if more than 1 company secretary is a body corporate)

| | |
|---|---|
| ⓰ 中文名稱<br>**Name in Chinese** | 公誠秘書服務有限公司 |
| ⓰ 英文名稱<br>**Name in English** | Panfair Services Limited |
| ⓱ 香港地址<br>**Hong Kong<br>Address** | 10/F., Chun Wo Commercial Centre, |
| | 23-29 Wing Wo Street, |
| | Central, |
| 地區<br>Region | Hong Kong |
| ⓮ 電郵地址<br>**Email Address** | (Nil) |
| 公司編號 Company Number | 70704 |

第三頁 Page 3

0145

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

*Panfair Services Limited*

表格
Form **NAR1**

公司編號 **Company Number**

398899

## 12  董事 Directors

### A.  董事 (自然人) Director (Natural Person)

*(如超過一名董事屬自然人，請用續頁 B 填報   Use Continuation Sheet B if more than 1 director is a natural person)*

*請在適用的空格內加上 ✓ 號   Please tick the relevant box(es)*

**⑱ 身分**
**Capacity**

| ✓ 董事 Director | ☐ 候補董事 Alternate Director | 代替 Alternate to (Nil) |
|---|---|---|

| 中文姓名 Name in Chinese | | 黃敏之 |
|---|---|---|
| 英文姓名 Name in English | 姓氏 Surname | WONG |
| | 名字 Other Names | Man Gee, Ronald |
| 前用姓名 Previous Names | 中文 Chinese | (Nil) |
| | 英文 English | (Nil) |
| 別名 Alias | 中文 Chinese | (Nil) |
| | 英文 English | (Nil) |

**⑲ 住址**
**Residential Address**

Units 1B & 2B, 10/F., Tower 2,

South Seas Centre, 75 Mody Road,

Tsim Sha Tsui East, Kowloon,

| 國家／地區 Country/Region | Hong Kong |
|---|---|

**⑳ 電郵地址**
**Email Address**

(Nil)

**㉑ 身分證明 Identification**

(a) 香港身分證號碼
Hong Kong Identity Card Number

| G | | 0 | 1 | 7 | 7 | 6 | 5 | (1) |
|---|---|---|---|---|---|---|---|---|

(b) 護照
Passport

| 簽發國家 Issuing Country | (Nil) |
|---|---|
| 號碼 Number | (Nil) |

0146

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

*Panfair Services Limited*

表格 Form **NAR1**

公司編號 **Company Number**

398899

**12 董事 Directors** (續上頁 cont'd)

**B. 董事 (法人團體) Director (Body Corporate)**

(如超過兩名董事屬法人團體，請用續頁 C 填報 Use Continuation Sheet C if more than 2 directors are body corporate)

請在適用的空格內加上 ✓ 號 Please tick the relevant box(es)

**⑱ 1** 身分 Capacity | ☐ 董事 Director | ☐ 候補董事 Alternate Director | 代替 Alternate to

中文名稱 Name in Chinese

英文名稱 Name in English

**㉒** 地址 Address

國家／地區 Country／Region

**⑳** 電郵地址 Email Address

公司編號 Company Number
(只適用於在香港註冊的法人團體)
(Only applicable to body corporate registered in Hong Kong)

請在適用的空格內加上 ✓ 號 Please tick the relevant box(es)

**⑱ 2** 身分 Capacity | ☐ 董事 Director | ☐ 候補董事 Alternate Director | 代替 Alternate to

中文名稱 Name in Chinese

英文名稱 Name in English

**㉒** 地址 Address

國家／地區 Country／Region

**⑳** 電郵地址 Email Address

公司編號 Company Number
(只適用於在香港註冊的法人團體)
(Only applicable to body corporate registered in Hong Kong)

第五頁 Page 5

0147

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

*Panfair Services Limited*

表格
Form **NAR1**

公司編號 **Company Number**

398899

**12  董事 Directors** (續上頁  cont'd)

**C.  備任董事 Reserve Director**

**(只適用於只有一名成員而該成員同時亦是唯一董事的私人公司)**
**(Only applicable to a private company with only one member who is also the sole director of the company)**

| | |
|---|---|
| 中文姓名<br>**Name in Chinese** | |
| 英文姓名<br>**Name in English**　　姓氏<br>Surname | |
| 名字<br>Other Names | |
| 前用姓名<br>**Previous Names**　　中文<br>Chinese | |
| 英文<br>English | |
| 別名<br>**Alias**　　中文<br>Chinese | |
| 英文<br>English | |

**⑲  住址**
**Residential**
**Address**

國家／地區
Country／Region

**⑳  電郵地址**
**Email Address**

**㉑  身分證明 Identification**

(a) 香港身分證號碼
Hong Kong Identity Card Number

(b) 護照　　簽發國家
Passport　　Issuing Country

號碼
Number

0148

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

*Panfair Services Limited*

表格 Form **NAR1**

公司編號 Company Number

398899

㉓ **13 有股本公司的成員詳情 Particulars of Member(s) of a Company Having a Share Capital**
*(有股本的公司必須填報此項 Company having a share capital must complete this section )*

*請在適用的空格內加上 ✓ 號 Please tick the relevant box*

[✓] 非上市公司的成員詳情列於附表一
Particulars of members of a non-listed company are listed in Schedule 1

[ ] 上市公司的成員詳情列於附表二
Particulars of members of a listed company are listed in Schedule 2

㉔ **14 公司紀錄 Company Records**
*(如空位不足, 請用續頁 D 填報  Use Continuation Sheet D if the space provided is insufficient)*

公司備存下列紀錄的地址(如並非備存於第 **6** 項所述的註冊辦事處內)
Address where the following company records are kept (if not kept at the registered office stated in Section 6)

| 公司紀錄 Company Records | 地址 Address |
|---|---|
| Register of Members, Significant Controllers Register, Register of Directors, Register of Company Secretaries, Register of Charges, Copies of Resolutions of Members, Minutes of Proceedings of General Meetings and Written Records of Decisions of Sole Member | 10/F., Chun Wo Commercial Centre, 23-29 Wing Wo Street, Central, Hong Kong |

**15 陳述書 Statement**
*(如屬私人公司, 請在空格內加上 ✓ 號以作出此項陳述 For a private company, please tick the box to make the Statement)*

[✓] 現述明公司自最近一份周年申報表的結算日期起(如屬首份周年申報表, 則自公司成立為法團的日期起), 並沒有發出邀請, 以邀請公眾人士認購公司的任何股份或償權證; 同時如成員人數於本申報表的結算日期當日超過五十名, 則超出五十名之數的成員, 全屬根據《公司條例》第11(2)條於計算公司成員人數時不包括在內的人。
The company has not, since the date of the last annual return (or since the date of incorporation in the case of the first annual return), issued any invitation to the public to subscribe for any shares or debentures of the company and that if the number of members of the company exceeds 50 as at the date of this return, the excess consists wholly of persons who, under section 11(2) of the Companies Ordinance, are excluded in the calculation of the number of members of the company.

㉕

**提示 Advisory Note**
所有公司董事均應閱讀公司註冊處編製的《董事責任指引》, 並熟悉該指引所概述的董事一般責任。
All directors of the company are advised to read 'A Guide on Directors' Duties' published by the Companies Registry and acquaint themselves with the general duties of directors outlined in the Guide.

本申報表包括下列續頁 This Return includes the following Continuation Sheet(s)

| 續頁 Continuation Sheet(s) | A | B | C | D |
|---|---|---|---|---|
| 頁數 Number of pages | 0 | 2 | 0 | 0 |

❻ 簽署 Signed : _____

姓名 Name : WONG Man Gee, Ronald

董事 Director／公司秘書 ~~Company Secretary~~ *

日期 Date : 19 February 2019

日 DD ／ 月 MM ／ 年 YYYY

*請刪去不適用者 Delete whichever does not apply*

第七頁 Page 7

0149

*Panfair Services Limited*

表格　**NAR1**
Form

附表一　**Schedule 1**
(非上市公司適用
**FOR NON-LISTED COMPANY)**

本申報表的結算日期
**Date to which this Return is Made Up**

| 12 | 01 | 2019 |
|---|---|---|
| 日 DD | 月 MM | 年 YYYY |

公司編號 **Company Number**

398899

㉖　非上市公司的成員詳情（第 13 項）
**Particulars of Member(s) of a Non-listed Company (Section 13)**

*(有股本的非上市公司必須填報此頁。如空位不足，或超過一類股份，可另加附表一。)*
*(Non-listed company having a share capital must complete this page.   If the space provided is insufficient, or if there is more than one class of shares, please use additional Schedule 1.)*

**截至本申報表的結算日期的成員詳情** Particulars of Member(s) as at the Date to which this Return is Made Up

股份類別 **Class of Shares**　　　　Ordinary

此類別股份的已發行總數 **Total Number of Issued Shares in this Class**　　　100

| 姓名／名稱 Name | 地址 Address | 股份 Shares | | | 備註 Remarks |
|---|---|---|---|---|---|
| | | 現時持有量 Current Holding | 轉讓 * Transferred * | | |
| | | | 數目 Number | 日期 Date | |
| 黃敏之 WONG Man Gee, Ronald | Units 1B & 2B, 10/F., Tower 2, South Seas Centre, 75 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong | 99 | | | |
| 蔡淑珍 CHOI Suk Chun, Stella | Units 1B & 2B, 10/F., Tower 2, South Seas Centre, 75 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong | 1 | | | |

\* 如公司的股份自上一份周年申報表日期以來(如屬首份周年申報表，則自公司成立為法團以來)有任何
　轉讓，有關詳情亦請一併申報；股份受讓人的姓名／名稱請在「備註」一欄註明。
\* If there have been any transfers of the company's shares since the date of the last annual return (or since incorporation if
　this is the first annual return), please also provide details of the transfers; the name of the transferee should be stated in
　the 'Remarks' column.

頁 Page 1 / 1

指明編號 1/2014 (2014 年 3 月) Specification No. 1/2014 (March 2014)

0150

*Panfair Services Limited*

表格 **Form** **NAR1**

本申報表的結算日期
**Date to which this Return is Made Up**

| 12 | 01 | 2019 |
|---|---|---|
| 日 DD | 月 MM | 年 YYYY |

公司編號 **Company Number**

| 398899 |
|---|

**董事詳情（自然人）（第 12A 項）   Details of Director (Natural Person) (Section 12A)**

*請在適用的空格內加上 ✓ 號  Please tick the relevant box(es)*

**⑱** 身分
**Capacity**

| ✓ | 董事 Director | | 候補董事 Alternate Director |
|---|---|---|---|

代替 Alternate to

(Nil)

| 中文姓名 **Name in Chinese** | 蔡淑珍 |
|---|---|

| 英文姓名 **Name in English** | 姓氏 Surname | CHOI |
|---|---|---|
| | 名字 Other Names | Suk Chun, Stella |

| 前用姓名 **Previous Names** | 中文 Chinese | (Nil) |
|---|---|---|
| | 英文 English | (Nil) |

| 別名 **Alias** | 中文 Chinese | (Nil) |
|---|---|---|
| | 英文 English | (Nil) |

**⑲** 住址
**Residential Address**

| Units 1B & 2B, 10/F., Tower 2, |
|---|
| South Seas Centre, 75 Mody Road, |
| Tsim Sha Tsui East, Kowloon, |

| 國家／地區 Country／Region | Hong Kong |
|---|---|

**⑳** 電郵地址
**Email Address**

| (Nil) |
|---|

**㉑** 身分證明 Identification

(a) 香港身分證號碼
Hong Kong Identity Card Number

| E | | 9 | 3 | 6 | 5 | 5 | 6 | (0) |
|---|---|---|---|---|---|---|---|---|

(b) 護照
Passport

| 簽發國家 Issuing Country | (Nil) |
|---|---|
| 號碼 Number | (Nil) |

表格 **Form NAR1**

續頁 B   **Continuation Sheet B**

本申報表的結算日期
**Date to which this Return is Made Up**

| 12 | 01 | 2019 |
|----|----|------|
| 日 DD | 月 MM | 年 YYYY |

公司編號 **Company Number**

398899

**董事詳情（自然人）（第 12A 項）   Details of Director (Natural Person) (Section 12A)**

請在適用的空格內加上 ✓ 號 *Please tick the relevant box(es)*

⑱ 身分
**Capacity**

[✓] 董事 Director   [ ] 候補董事 Alternate Director

代替 Alternate to

(Nil)

中文姓名
**Name in Chinese**  　黃樂仁

英文姓名
**Name in English**

姓氏 Surname　WONG

名字 Other Names　Reuben Lok Yan

前用姓名
**Previous Names**

中文 Chinese　(Nil)

英文 English　(Nil)

別名
**Alias**

中文 Chinese　(Nil)

英文 English　(Nil)

⑲ 住址
**Residential Address**

Flat B, 28/F., Blk T3, One Silversea,

18 Hoi Fai Road,

Tai Kok Tsui, Kowloon,

國家／地區 Country／Region　Hong Kong

⑳ 電郵地址
**Email Address**　(Nil)

㉑ 身分證明 Identification

(a) 香港身分證號碼
Hong Kong Identity Card Number

| R | | 6 | 4 | 5 | 9 | 5 | 0 | (0) |

(b) 護照
Passport

簽發國家 Issuing Country　(Nil)

號碼 Number　(Nil)

# EXHIBIT   11

# State of California
## Secretary of State

### Statement of Information
**(Domestic Stock and Agricultural Cooperative Corporations)**
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**S**

**G751343**

# FILED

In the office of the Secretary of State
of the State of California

**JUN-26 2019**

This Space for Filing Use Only

1. **CORPORATE NAME**

   BOLEY CORPORATION

2. **CALIFORNIA CORPORATE NUMBER**

   C1080749

**No Change Statement**  (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

   ☐  If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following**  (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 14042 CENTRAL AVE, CHINO, CA 91710 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | CITY | STATE | ZIP CODE |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ RONALD WONG | 14042 CENTRAL AVE, CHINO, CA 91710 | | | |
| 8. SECRETARY STELLA WONG | 14042 CENTRAL AVE, CHINO, CA 91710 | | | |
| 9. CHIEF FINANCIAL OFFICER/ RONALD WONG | 14042 CENTRAL AVE, CHINO, CA 91710 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers**  (The corporation must have at least one director.  Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME RONALD WONG | 14042 CENTRAL AVE, CHINO, CA 91710 | | | |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS

   RONALD WONG

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** 14042 CENTRAL AVE, CHNO, CA 91710 | | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

   TOY IMPORTER

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 06/26/2019 | CELIA RAMIREZ | ACCT MANAGER | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-200 (REV 01/2013)                    **Page 1 of 1**                    APPROVED BY SECRETARY OF STATE

# EXHIBIT  12

**From:**          Puneet Bhullar
**Sent:**          Thursday, December 19, 2019 9:10 AM
**To:**            tyler.anthony@dlapiper.com; tamany.bentz@dlapiper.com
**Cc:**            Stephen Raucher
**Subject:**       Ex Parte Notice - Swift Harvest USA, LLC v. Boley International HK Ltd et al


Dear Mr. Anthony and Ms. Bentz:

Please take notice that on December 19, 2019, Plaintiff Swift Harvest USA, LLC will apply *Ex Parte* for Leave to Conduct Jurisdictional Discovery and Continue the Hearing on the Motion to Dismiss, in accordance with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and Local Rules 7-19.  Any opposition should be served and filed within 24 hours of service of the papers.  We understand from our prior discussions that you will oppose the application.


Very truly yours,
Puneet Bhullar




**Puneet Bhullar**
12400 Wilshire Boulevard, Suite 800  |  Los Angeles, California 90025
Telephone: (310) 777-1990  |  Facsimile: (310) 777-1989
www.rrbattorneys.com  |  pbhullar@rrbattorneys.com

This Message Is Confidential and May Be Protected By the Attorney-Client Privilege and Other Applicable Law